PEOPLE v POTEAT

CRIMINAL LAW—APPEAL AND ERROR—WITNESSES—CONFLICTING TESTI-
MONY—RELIGIOUS BELIEF OF WITNESSES.
 A defendant's conviction must be reversed where the trial judge
in his opinion admits to being influenced to accept the com-
plainant's version of the crime, in face of conflicting testimony,
because of the complainant's expressed religiosity; this consti-
tutes reversible error even though the defense elicited the
testimony from the complainant as to his religious beliefs.

Appeal from Oakland, Robert B. Webster, J.
Submitted February 7, 1977, at Lansing. (Docket
No. 28565.) Decided March 30, 1977. Leave to
appeal applied for.

Ernest D. Poteat was convicted of third-degree
criminal sexual conduct. Defendant appeals. Re-
versed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *T. Michael McLarry,* As-
sistant Appellate Counsel, for the people.

*Sauer, Sterling & Stout* (by *Ronald F. Schilling*),
for defendant.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS
and M. F. CAVANAGH, JJ.

R. B. BURNS, J. Defendant appeals his bench

REFERENCE FOR POINTS IN HEADNOTE
81 Am Jur 2d, Witnesses §§ 140, 657, 658.

conviction of third-degree criminal sexual conduct. MCLA 750.520d; MSA 28.788(4).

Complainant was a 15-year-old boy at the time of the episode in question; defendant, a 35-year-old man. Defendant, complainant and four other teenage boys were spending an evening watching television. At approximately 9 o'clock, complainant got up and went to the bathroom. He testified that defendant followed him into the bathroom a few seconds later, grabbed his penis and performed fellatio upon him for between five and ten minutes. Later that evening an altercation developed between defendant and complainant apparently involving complainant's Catholicism. Defendant struck complainant, and the latter left the house. This prosecution ensued.

All of the testimony at trial accusing defendant was provided by complainant. One other boy testified for the defense in a manner which tended to contradict complainant. The trial judge found the demeanor of the other boy to be "extremely nervous", while complainant was found to possess "a great degree of intelligence and demeanor". The trial judge's opinion further observed:

"I have to take into account also the religious background [of complainant] and the necessity of truth saying which I do take into account."

This type of influence is precisely that condemned by the Michigan Supreme Court in *People v Hall*, 391 Mich 175, 180–181; 215 NW2d 166, 170 (1974). The Court was properly concerned with the "insinuation" that the veracity of testimony "was somehow correlated to the strength and conviction of [a witness's] religious beliefs", with the implication "that one who believes in God is apt to be more truthful than one who does not".

The trial judge's opinion expressly admits to being influenced to accept complainant's version of the incident at least in part because of complainant's expressed religiosity. The degree of impropriety of this influence and the potential for injustice in such instances constitute reversible error despite the fact that the defense elicited this testimony.

Reversed and remanded for a new trial.