PEOPLE v WELLS

Docket No. 30547. Submitted November 1, 1977, at Detroit.—Decided
    April 17, 1978.
    Richard L. Wells was convicted of criminal sexual conduct in the
    second degree, Wayne County Circuit Court, Roman S. Gribbs,
    J. Defendant appeals. *Held:*
        Questions by a prosecutor, put to a complaining witness,
    which attempted to convey to the jury that the complainant
    was more worthy of belief than the defendant because the
    complainant attended church result in reversible error.
        Reversed and remanded.
        M. J. KELLY, J., dissented:
        Such questions by the prosecutor did not result in manifest
    injustice to the defendant and, in the absence of any objection
    by the defendant, his conviction should be affirmed.

OPINION OF THE COURT

1. WITNESSES—CRIMINAL LAW—COMPLAINANT—RELIGIOUS BELIEFS—
    CHURCH ATTENDANCE—STATUTES.
        Questioning by a prosecutor of a complaining witness which
    elicited testimony to the effect that because she attended
    church she knew what it was to take an oath and that her
    testimony was worthy of belief because she respected that oath
    constituted an unauthorized inquiry into the complainant's
    religious beliefs and was a direct violation of the statute which
    prohibits questioning a witness in relation to her opinions on
    religion, either before or after she is sworn (MCLA 600.1436;
    MSA 27A.1436).

2. WITNESSES—CRIMINAL LAW—COMPLAINANT—RELIGIOUS BELIEFS—
    CREDIBILITY—CHURCH ATTENDANCE—APPEAL AND ERROR.
        Questions put to a complaining witness whereby it appears that

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3] 81 Am Jur 2d, Witness §§ 87, 533.
    Propriety and prejudicial effect of impeaching witness by reference
    to religious belief or lack of it. 76 ALR3d 539.
[3] 81 Am Jur 2d, Witness §§ 87, 484, 533.
[4] 5 Am Jur 2d, Appeal and Error § 549.

the prosecutor was attempting to convey to the jury that the complainant (1) was more worthy of belief than the defendant because the complainant attended church, (2) knew what it was to take an oath and (3) respected that oath because of the church attendance were unwarranted, prejudicial and constituted reversible error where the crucial issue was that of the credibility of the complainant and the defendant; the defendant's failure to object to such questions does not save the error.

DISSENT BY M. J. KELLY, J.

3. WITNESSES—CRIMINAL LAW—COMPLAINANT—RELIGIOUS BELIEFS—
    OATH—STATUTES.

*A prosecutor's questioning of a complaining witness which elicited testimony that because the complainant attended church she knew what it was to take an oath and that her testimony was worthy of belief because she respected that oath was not a violation of the statute which prohibits questioning a witness as to her religious belief and did not result in manifest injustice to the defendant where the defendant had a fair trial under all the circumstances (MCLA 600.1436; MSA 27A.1436).*

4. APPEAL AND ERROR—CRIMINAL LAW—FAILURE TO OBJECT—MISCAR-
    RIAGE OF JUSTICE—STATUTES.

*Reversal on an error which was not objected to at trial is appropriate only where it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice (MCLA 769.26; MSA 28.1096).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Craig L. John,* Assistant Prosecuting Attorney, for the people.

*Lawrence Baron,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

D. E. HOLBROOK, JR., J. Defendant was tried by jury and convicted of criminal sexual conduct in

the second degree, MCLA 750.520c; MSA 28.788(3).
Subsequently sentenced to a prison term of not
less than 3 nor more than 15 years, defendant
appeals as of right.

Upon trial defendant interposed a consent de-
fense. Review of the trial testimony indicates that
there existed a vast disparity between the testi-
mony of the defendant and that of the complain-
ant. It is readily apparent that the verdict of the
jury hinged greatly upon whose testimony to be-
lieve thereby relegating the crucial issue to that of
credibility.

During direct examination of the complainant
the prosecutor asked and the complainant an-
swered as follows:

"Q Do you go to church, by the way?
"A Yes.
"Q What church?
"A Christ The Good Shepherd.
"Q Would it be fair to say, *then,* that you know what
it is to take an oath?
"A Yes.
"Q Do you respect that oath?
"A Yes."

By virtue of such testimony, in response to
prosecutorial questioning, the complainant in ef-
fect testified that because she attended the "Christ
The Good Shepherd" church she knew what it was
to take an oath and that her testimony was wor-
thy of belief because she respected that oath. Such
questioning by the prosecutor, in our opinion,
constitutes an unauthorized inquiry into complain-
ant's religious beliefs, which, while not identical, is
sufficiently similar to that prohibited in *People v
Hall,* 391 Mich 175; 215 NW2d 166 (1974), *People v
Bouchee,* 400 Mich 253; 253 NW2d 626 (1977), and

*People v Poteat,* 74 Mich App 598; 255 NW2d 1 (1977). Such questions are also in direct violation of MCLA 600.1436; MSA 27A.1436, the pertinent portion of which reads: "No witness may be questioned in relation to his opinions on religion, either before or after he is sworn." We cannot help but find that the prosecutor, in asking the questions that he did, was attempting to unfairly bolster complainant's credibility. We believe such conduct to be totally unwarranted and of the type of influence condemned in *Hall, supra, Bouchee, supra,* and *Poteat, supra.*

In essence it appears the prosecutor was attempting to convey to the jury that complainant was more worthy of belief than defendant because she attended church, knew what it was to take an oath and respected that oath because of her church attendance. Hence, implicit in the questions and answers was a conveyance to the jury that complainant had certain religious beliefs and because of such beliefs she knew what it was to tell the truth.

In a case such as this, when the crucial issue is that of credibility, such questions by a prosecutor put to a complaining witness are unwarranted, prejudicial and constitute reversible error. Nor does defendant's failure to object to such questions save the error. *People v Hall, supra.*

Resolution of the foregoing being dispositive, appellant's issue relating to a remand for resentencing becomes moot and resolution of his remaining allegation of error unnecessary.

Reversed and remanded.

Beasley, P. J., concurred.

M. J. Kelly, J. *(dissenting).* This defendant was apprehended a little after four o'clock in the morn-

ing when he got stuck in the snow after abducting the complainant at rifle point at Metropolitan Airport. The police officers happened on the scene, the complainant jumped out of the car and the arrest of the defendant followed.

Defendant testified on his own behalf that he had had an argument with his fiancee earlier in the evening, began drinking beer and whiskey and by the time he encountered the complainant he considered himself intoxicated although he only wanted to talk to the complainant and see if something of a sexual nature might develop. He explained that the rifle was in the car for the purpose of rabbit hunting and that he only knocked on the window with the rifle to get the complainant's attention, not to intimidate her. A reading of this record leaves no doubt that defendant's testimony was fully incredible and that the complainant's testimony was completely believable. To reverse this verdict and judgment on the ground that the witness was examined "in relation to [her] opinions on religion" in violation of the statute, MCLA 600.1436; MSA 27A.1436, is carrying the holding in *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974), and *People v Bouchee,* 400 Mich 253; 253 NW2d 626 (1977), to outright absurdity. It is time that the Supreme Court reviewed the havoc that *People v Hall* and its progeny has wrought and reinvigorated the rule that reversal on unobjected-to error is appropriate only where "it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice". MCLA 769.26; MSA 28.1096.

Were this the court of last resort one would be tempted to reexamine the historical basis for the constitutional provision in question, Const 1963, art 1, § 18, and the legislative intent of the statute

hereinabove referred to. Certainly the question of incompetency is obsolete beyond a doubt and the correlation to veracity in today's profane (secular) America is dubious.

This trial was concluded on April 1, 1976. *People v Hall, supra,* was released shortly after its decisional date of February 27, 1974. What more comfortable feeling for a knowledgeable defense attorney than to allow a two or three line religious reference to put in the bank for later appellate review in case of conviction? The ebb and flow of a trial must not be measured by the existence of irregularities. There is no such thing as a perfect trial. The question is whether or not the defendant had a fair trial under all the circumstances, and I believe that he did here. I find no manifest injustice. I do not mean to be facetious but supposing the prosecutor had asked the witness where she attended high school and her reply was "Christ the Good Shepherd".

I would affirm.