PEOPLE v LESHAJ

Docket No. 223746. Submitted December 12, 2001, at Detroit. Decided
    January 29, 2002, at 9:05 A.M.

Prek T. Leshaj was convicted by a jury in the Oakland Circuit Court,
    Richard D. Kuhn, J., of one count of third-degree criminal sexual
    conduct and acquitted of two other criminal sexual conduct
    charges. The defendant appealed, alleging that the prosecution
    improperly vouched for the complainant's truthfulness by advising
    the jury that the complainant should be believed because of her
    Christian religious beliefs.

    The Court of Appeals *held*:

    The conviction must be reversed and the matter must be
    remanded for a new trial with regard to the charge of which the
    defendant was convicted because the defendant was denied a fair
    and impartial trial as a result of the prosecution's improper argu-
    ment. Although the prosecution technically did not question the
    complainant concerning religion, which would have been a viola-
    tion of MCL 600.1436, and the complainant, without elicitation,
    injected statements regarding her religious opinions throughout her
    testimony, the prosecutor engaged in improper conduct by arguing
    that the complainant's strong religious beliefs made her more credi-
    ble than the defendant.

    Reversed and remanded.

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *David G. Gorcyca*, Pros-
ecuting Attorney, *Joyce F. Todd*, Chief, Appellate Divi-
sion, and *John S. Pallas*, Assistant Prosecuting Attor-
ney, for the people.

*Evan H. Callanan, Jr., P.C.* (by *Evan H. Callanan,
Jr.*), for the defendant.

Before: MURPHY, P.J., and NEFF and HOEKSTRA, JJ.

PER CURIAM. Defendant appeals as of right his conviction of one count of third-degree criminal sexual conduct, MCL 750.520d(1)(b), following a jury trial in which he was acquitted of two other criminal sexual conduct counts. We reverse and remand for a new trial on the count of which defendant was convicted.

I

Defendant was tried on three charges of criminal sexual assault involving a female apartment neighbor, who was allegedly "mentally challenged." He set forth a defense of consent. The complainant testified that she did not consent. The verdict of the jury hinged on its determination of each witness' credibility.

During direct examination, the prosecutor questioned the complainant about her contacts with defendant. In relating the events surrounding the alleged assaults, the complainant volunteered that she vehemently opposed defendant's sexual advances because of her religious beliefs, e.g., testifying that when he "pulled out his penis," she yelled at him, "No, don't you dare. I'm a Christian and you are not to get me pregnant," and that another time, when he sucked on her breast, she told him to stop, saying, "I have a clock with Jesus on over there, and he does not believe in this until after marriage and I do not either."

Throughout her testimony, the complainant, without elicitation, injected statements of her religious opinions. While the prosecutor technically did not "question" the complainant concerning religion which would have been a violation of MCL 600.1436, during closing argument the prosecutor used the complainant's numerous statements about her religious beliefs

to argue that she was more credible than defendant because of them. Defendant contends the prosecutor's improper argument regarding the complainant's religious beliefs denied him a fair trial. We agree.

II

We review prosecutorial misconduct in context to determine whether the defendant was denied a fair and impartial trial. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). Absent an objection at trial to the alleged misconduct, appellate review is foreclosed unless a defendant demonstrates plain error that affected his substantial rights, i.e., error that was outcome determinative. *Id.*; *People v Schutte*, 240 Mich App 713, 720; 613 NW2d 370 (2000). Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* No error requiring reversal will be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction. *Id.* at 721.

In this case, the record is unclear whether defendant properly objected to the prosecutor's remarks, which defendant would have had to do to properly preserve this issue for appeal.[1] Nonetheless, we review the matter on the basis of plain error that denied defendant a fair trial.

---

[1] Defense counsel objected to the challenged remarks during trial, but the matter was addressed off the record. The record indicates neither the ground for nor the resolution of the objection.

III

During closing argument, the prosecutor improperly vouched for the complainant's truthfulness, advising the jury that the complainant should be believed because of her Christian religious beliefs. Not only did the prosecutor repeatedly emphasize the complainant's deep sense of faith, stating that she was "very religious" and her deep sense of faith would preclude her from consenting to premarital sex, but he also made blatantly objectionable remarks. Referring to the differing statements of the defendant and the complainant regarding whether the complainant had consented to defendant's sexual advances, the prosecutor queried the jury: *"[Defendant] lied. And who are you going to believe, the liar, or [the complainant] with her sense of deep rooted belief in God and righteousness?"* Referring to defendant's theory that the complainant had falsely accused him, the prosecutor said, *"She doesn't think like that, because that is not her core believe [sic], honesty is."* Given that the prosecutor earlier had spoken of the complainant's religious faith as her "core belief," and that there was no direct evidence that the complainant had a "core belief" in honesty as such, this remark appears to be a thinly veiled allusion to the complainant's religious beliefs, and a further suggestion that she was particularly credible because of her beliefs.

Inquiries by a prosecutor about a witness' religious beliefs and their bearing on truthfulness are prohibited under MCL 600.1436, *People v Bouchee*, 400 Mich 253, 264; 253 NW2d 626 (1977); *People v Hall*, 391 Mich 175, 180-183; 215 NW2d 166 (1974); *People v Wells*, 82 Mich App 543, 545-546; 267 NW2d 448 (1978), and may result in prejudice absent "swift

action" by the trial court to prevent any prejudice, *People v Burton*, 401 Mich 415, 416-418; 258 NW2d 58 (1977). See also MRE 610 ("Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced."). Here, there was no swift action to prevent prejudice, although defendant objected immediately. The only arguably corrective action taken was the giving of the standard jury instruction that lawyers' statements and arguments are not evidence, but are intended only to help the jury understand the evidence and the parties' legal theories, and that the jurors "should only accept things the lawyers say that are supported by the evidence or by your own common sense and general knowledge." Not only did this instruction not cure the harm of the prosecutor's improper suggestion that the complainant was truthful *because of* her belief in God, but it may have suggested to the jurors that they were free to "accept" the prosecutor's argument if their "common sense and general knowledge" suggested that people who believe in God are more truthful than others.

Generally, our courts have held that where a prosecutor improperly injects the religious beliefs of a defendant or a witness into the proceedings, there is no need to inquire whether prejudice resulted. E.g., *Hall, supra* at 182-183. These cases, however, have involved the specific statutory prohibition, MCL 600.1436, against questioning witnesses about their religious beliefs, and have not addressed the situation where the offensive conduct stemmed exclusively from comments during closing argument. We need not, however, consider whether this rule of automatic reversal should be extended to facts like the present,

because it is clear that the prosecutor's improper comments denied defendant a fair trial. "In a case such as this, when the crucial issue is that of credibility, such questions by a prosecutor put to a complaining witness are unwarranted, prejudicial and constitute reversible error." *Wells, supra* at 546.

As in *Wells*, the jury's verdict in this case hinged on the crucial issue of credibility, which the prosecutor urged the jury to resolve on the basis of the complainant's religious beliefs. The prosecutor's comments were blatantly improper, contrasting the credibility of defendant, "the liar, [and the complainant] with her sense of deep rooted belief in God and righteousness." Our Court has condemned such attempts to unfairly bolster a complainant's credibility, *id.* at 546, which in this case, calls into question the fairness of the trial and the reliability of the outcome. Because defendant was denied a fair and impartial trial, we reverse.

The prosecutor's improper argument is not defensible by the fact that the complainant herself first raised her religious beliefs in her own testimony, without the prosecutor eliciting them. Where a prosecutor goes beyond these unsolicited references and engages in improper conduct, the fact that the original references were not elicited by the prosecutor does not preclude a finding of misconduct. *Bouchee, supra* at 262. Because the prosecutor improperly argued that the complainant's strong religious belief made her more credible than defendant, we must reverse and remand for a new trial on the count of which defendant was convicted.

IV

Because we reverse defendant's conviction on the above ground, we do not address the remaining assignments of error. However, with regard to defendant's additional claim of prosecutorial misconduct based on the prosecutor's statements that the complainant was "mentally challenged," and therefore vulnerable, when those facts were not charged or in evidence, we caution that our failure to decide this claim of error is not an acknowledgement of its lack of merit. On retrial, care should be taken to ensure that such statements have a sufficient evidentiary basis to avoid any undue prejudice.

Reversed and remanded. We do not retain jurisdiction.