*In re* PETITION OF ATTORNEY GENERAL
FOR INVESTIGATIVE SUBPOENAS

Docket No. 279570. Submitted December 3, 2008, at Detroit. Decided
March 5, 2009, at 9:00 a.m.

The Attorney General, on behalf of the Department of Community
Health, Bureau of Health Professions, filed a petition in the
Ingham Circuit Court, seeking under the authority granted in
MCL 333.16235 investigative subpoenas directing Gerard R. Wil-
liams, Ph.D., to produce the medical records of 10 of his patients
for the purposes of determining the respondent's compliance with
the regulatory requirements of the Public Health Code. The court,
James R. Giddings, J., entered an order authorizing the petition-
er's request for the subpoenas. The respondent moved to quash
the subpoenas, arguing that the records are privileged information
protected from disclosure under the psychologist-patient privilege
granted in MCL 333.18237. The court granted the motion. The
Attorney General appealed by leave granted.

The Court of Appeals *held*:

MCL 333.18237 clearly provides that a licensed psychologist
cannot be compelled to disclose confidential information acquired
from an individual consulting the psychologist in his or her profes-
sional capacity. None of the three statutory exceptions that would
allow disclosure applies in this case. There is no doubt that the
Legislature unequivocally intended, as an exemption to the petition-
er's investigative authority granted in the Public Health Code, that a
licensed psychologist cannot be compelled to disclose confidential
information acquired from an individual consulting the psychologist
in his or her professional capacity. The circuit court properly inter-
preted § 18237 as precluding the disclosure of the records sought
under MCL 333.16235, given the circumstances of this case.

Affirmed.

HEALTH — MEDICAL RECORDS — SUBPOENAS — INVESTIGATIVE SUBPOENAS —
PSYCHOLOGISTS.

A licensed psychologist cannot be compelled by an investigative sub-
poena issued by a circuit court upon application of the Attorney
General or a party to a contested case to disclose confidential

information acquired from an individual consulting the psychologist in his or her professional capacity unless one of three exceptions allowing disclosure applies (MCL 333.16235, 333.18237).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Serene Katranji-Zeni* and *Amy L. Rosenberg*, Assistant Attorneys General, for the petitioner.

*Plunkett Cooney* (by *Ernest R. Bazzana*) for the respondent.

Before: BORRELLO, P.J., and DAVIS and GLEICHER, JJ.

GLEICHER, J. In this action arising from petitioner's investigation of respondent psychologist's billing practices, petitioner appeals by leave granted a circuit court order quashing investigative subpoenas petitioner had directed to respondent, which required him to produce patient records. We affirm.

I. UNDERLYING FACTS AND PROCEDURE

In the course of a wide-ranging investigation of many different state-licensed health care providers, petitioner, on behalf of the Department of Community Health (DCH), Bureau of Health Professions, filed a circuit court petition for subpoenas relating to respondent. The April 2007 petition set forth the following:

1. The Department of Community Health, Bureau of Health Professions, acting on behalf of a regulatory health board, and as authorized by the Public Health Code, has initiated an investigation of GERARD ROBERT WILLIAMS, PH.D., a licensee of the Department.

2. Section 16235 of the Public Health Code authorizes the circuit court to issue investigative subpoenas upon application by the Attorney General.

3. The Department is a health oversight agency and pursuant to 45 CFR 164.512(d) seeks protected health information for the purpose of determining compliance with the regulatory requirements within the Public Health Code.

4. The Department is conducting an investigation and certain records, including but not limited to ALL billing records, medical records, emergency room records, documentation, treatment records, pathology and laboratory reports and radiology reports, pertaining to patient SEE ATTACHED EXHIBIT A,[1] for all treatment dates. The protected health information shall be disclosed to the Department as a health oversight agency pursuant to 45 CFR 164.512(d).

On April 27, 2007, the circuit court entered an order authorizing petitioner's request for investigative subpoenas concerning respondent's 10 listed patients. The order authorized subpoenas "to compel the production of" records, including, "but not by way of limitation, ALL billing records, medical records, emergency room records, documentation, treatment records, pathology and laboratory reports and radiology reports, pertaining to" the 10 patients.

In late May 2007, respondent moved to quash the subpoenas. Respondent's motion maintained that "[t]he information that petitioner has requested and that this Court has ordered by investigative subpoena to be produced is privileged information under the psychologist-patient privilege, MCL 333.18237, and, therefore, is statutorily protected from production." Respondent argued that the language of MCL 333.16235 made the "production of patient health information by investigative subpoena permissive," but not mandatory, in recognition that broad statutory privileges like MCL 333.18237 could preclude production of patient records. Respondent noted that the plain

---

[1] Exhibit A listed the names of 10 patients.

language of § 18237 contemplated disclosure of a psychologist's records only if "the individual consulting the psychologist" consented to the disclosure. In an affidavit attached to the motion, respondent attested that none of the 10 patients specified in the investigative subpoena had consented to the disclosure of their records: "[M]y office has contacted each of the individuals whose files were subpoenaed and have advised that a request for records has been made to my office by way of a subpoena . . . . [E]ach patient contacted expressed a desire not to have the contents of their very personal psychological files produced . . . ."

Petitioner filed a response to the motion to quash, explaining that a Bureau of Health Professions investigator had begun looking into "allegations of possible substandard practice" by respondent, "including the failure to maintain adequate patient records, and possible billing fraud." According to petitioner, the records of the 10 patients enumerated in the investigative subpoena were "necessary . . . to accurately assess the merits of the[] allegations" against respondent. Petitioner conceded that it had not sought the consent of any of the 10 patients enumerated in the investigative subpoena. However, petitioner insisted that § 16235(1) unequivocally mandated respondent's compliance with an investigative subpoena. With respect to respondent's invocation of § 18237, petitioner acknowledged that the statute did not expressly reference psychologist record production in the face of an investigative subpoena. But petitioner theorized that §§ 16235(1) and 18237 should be interpreted together, especially given (1) their placement together in art 15 of the Public Health Code, (2) the Legislature's directive that the Public Health "[C]ode shall be liberally construed for the protection of the health, safety, and welfare of the people of this state," MCL 333.1111(2), and (3) that acceptance of

respondent's proffered interpretation of § 18237 would essentially render nugatory the subpoena power in § 16235. Petitioner added that patient records reviewed in a public health investigation remained confidential under MCL 333.16238(1) and MCL 15.243, the latter being a provision of the Freedom of Information Act.[2]

After the parties filed supplemental briefs, the circuit court held a hearing in late June 2007. The circuit court explained in a bench ruling that it would grant respondent's motion to quash:

> Well, I'm going to grant the motion to quash. I mean clearly the case law that I've got is clear to me and the Court of Appeals in a *per curiam* opinion which will be published . . . shortly . . . *In re Petition of the Attorney General for Investigative Subpoenas,* . . . Court of Appeals Number 263959, relies in a very straightforward way on the language of the section relating to the privilege accorded—or relating to the relationship between the dentist and the patient. And without going through the whole thing, it's pretty clear, it's definitive and they conclude the argument in this case that they were somehow, these records exempt from the Attorney General subpoena power quote: This argument is refuted by the clear language in this section.
>
> In other words, it's clear that they looked at the section. [Petitioner's counsel] is correct, they didn't look at the broader question, to use her words. But that section is clearly different. This section has not been amended. And the very first sentence of Section 18237 quote: A psychologist licensed or allowed to use that title under this part, or an individual under his or her supervision cannot be compelled to disclose confidential information acquired from an individual consulting with a psychologist in his or her professional capacity if the information is necessary to enable the psychologist to render services.

---

[2] Petitioner also cited numerous decisions of federal and state courts in support of the proposition that "patients' privacy rights are not absolute, and that the public interest in regulating licensed health professionals outweighs patients' privacy interests."

And that's the long and short of it. There is no qualifying there. So, obviously, we can presume, really almost indisputably, that the Legislature had in mind a different situation for dentists as opposed to the relationship between the psychologist and the psychologist's patient. And it makes sense. I mean it doesn't take a rocket scientist to understand that the kinds of communications a dentist is going to hear, for the most part, overwhelmingly are going to be of an entirely different character than the communications to a psychologist.

I mean it's the very private matters of the client that draws him to need the services of a psychologist. I mean some of these things are of the most sensitive nature. There has been no attempt in this case to get any releases. But the statute is clear. It's not up to me to amend the statute. It seems to me that the argument that the Attorney General really wants is in the Legislature and not here in this Court. And I found no case—particularly I might note that cases from other states are not very pertinent in this context because we are concerned with a Michigan statute that the attorneys and I have already indicated on the language of the statute itself. So I don't believe the statute permits it.

On July 6, 2007, the circuit court entered an order quashing "the investigative subpoena compelling the release of 10 patient records" "pursuant to MCL 333.18237 and for those other reasons stated on the record . . . ."[3]

## II. ANALYSIS

This Court reviews de novo legal issues of statutory construction. *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 698; 736 NW2d 594 (2007).

---

[3] Five days later the circuit court entered a second order also purporting to quash the subpoenas, but differently and inaccurately titled, "Order to Quash 10 Investigative Subpoenas."

Well-established principles guide this Court's statutory construction efforts. We begin our analysis by consulting the specific statutory language at issue.

"When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." [*Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 10; 654 NW2d 610 (2002), quoting *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (citation and some quotation marks omitted).]

The competing statutes at the heart of the parties' conflict both became part of art 15 of Michigan's Public Health Code in 1978. 1978 PA 368. The statute authorizing the issuance of investigative subpoenas, on which petitioner relies, currently contains the following relevant language:

Upon application by the attorney general or a party to a contested case, the circuit court may issue a subpoena requiring a person to appear before a hearings examiner in a contested case or before the department in an investigation and be examined with reference to a matter within the scope of that contested case or investigation and to produce books, papers, or documents pertaining to that contested case or investigation. A subpoena issued under this subsection may require a person to produce all books, papers, and documents pertaining to all of a licensee's or registrant's patients in a health facility on a particular day if the allegation that gave rise to the disciplinary proceeding was made by or pertains to 1 or more of those patients. [MCL 333.16235(1).]

Respondent's position rests on MCL 333.18237, which provides:

> A psychologist licensed or allowed to use that title under this part or an individual under his or her supervision cannot be compelled to disclose confidential information acquired from an individual consulting the psychologist in his or her professional capacity if the information is necessary to enable the psychologist to render services. Information may be disclosed with the consent of the individual consulting the psychologist, or if the individual consulting the psychologist is a minor, with the consent of the minor's guardian, pursuant to section 16222 if the psychologist reasonably believes it is necessary to disclose the information to comply with section 16222, or under section 16281. In a contest on the admission of a deceased individual's will to probate, an heir at law of the decedent, whether a proponent or contestant of the will, and the personal representative of the decedent may waive the privilege created by this section.

The psychologist-patient privilege statute clearly and unambiguously envisions that a state-licensed psychologist *"cannot be compelled to disclose confidential information acquired from an individual consulting the psychologist in his or her professional capacity* if the information is necessary to enable the psychologist to render services."[4] (Emphasis added.) The Legislature incorporated in the remainder of § 18237 three instances when a disclosure of confidential patient information may occur: (1) on obtaining consent from the patient, a minor patient's guardian, or a personal representative or heir involved in a will contest; (2) "if the psychologist reasonably believes it is necessary to disclose the information to comply with [MCL 333.16222]," which generally requires that "[a] licensee

---

[4] Petitioner does not contest that the information sought in this case "is necessary to enable the psychologist to render services."

or registrant having knowledge that another licensee or registrant has committed a violation under section 16221 or article 7 or a rule promulgated under article 7 shall report the conduct and the name of the subject of the report to the department," § 16222(1); or (3) under MCL 333.16281, which obligates a "licensee or registrant" to supply a child's medical records to a child protective service caseworker who demonstrates "a compelling need for records or information to determine whether child abuse or child neglect has occurred or to take action to protect a child where there may be a substantial risk of harm," § 16281(1).[5]

In this case, the parties agree that none of the three exceptions contemplated in the second and third sentences of § 18237 applies. Consequently, giving the first sentence of the statutory language in § 18237 its plain and ordinary meaning, a licensed psychologist, like respondent, *"cannot be compelled to disclose confidential information acquired from an individual consulting the psychologist in his or her professional capacity . . . ."* (Emphasis added.) *Pohutski, supra* at 683. Because the first sentence of § 18237 contains no hint of ambiguity, " 'we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written.' " *Pohutski, supra* at 683 (citation omitted).

Petitioner argues that we must interpret § 18237 together with MCL 333.16235 because the Legislature enacted them together, and within the same article of

---

[5] Subsection 16281(2)(d) further clarifies that various "privileges do not apply to medical records or information released or made available under subsection (1)," including "[t]he psychologist-patient privilege created in section 18237."

the Public Health Code.[6] In *In re Petition of Attorney General for Investigative Subpoenas, supra,* the recent decision of this Court invoked in the circuit court's bench ruling, the Court examined the petitioner's power to compel, by investigative subpoena, a dentist to produce the dental records of patients. *Id.* at 697-698. The relevant portion of this Court's analysis, devoted to the respondent's position that "Michigan's dentist-patient privilege statute precludes disclosure of the subpoenaed information," recognized the expressly granted authority of "the Attorney General to pursue investigative subpoenas on behalf of the MDCH and to compel disclosure of patient records." *Id.* at 702-703. Without specifically noting the *in pari materia* doctrine,

---

[6] The precise question whether to interpret together statutes in art 15 of the Public Health Code, specifically the investigative subpoena authority in § 16235 and the licensee privileges appearing later in art 15, has not been squarely addressed in a binding Michigan appellate opinion. In *Attorney General v Bruce,* 422 Mich 157, 162-164; 369 NW2d 826 (1985), the Supreme Court considered the petitioner's authority to issue an investigative subpoena under § 16235, seeking production of a hospital's peer review records. In the course of rejecting the petitioner's position on the basis that the peer review records were shielded by privilege, MCL 333.21515, the Supreme Court addressed the petitioner's suggestion that the code provisions bestowing broad investigative authority on the former Department of Licensing and Regulation should be considered together with the peer review statutes:

Noting that the pertinent code provisions were enacted within a thirty-day period, and referring to the general rule that statutes *in pari materia* must be construed together, the Attorney General urges that the section providing confidentiality to peer review committee records must be read in light of the board's authority to investigate.

*The problem with this argument is that department investigations are conducted pursuant to article 15 of the code. Internal peer review activities are required by article 17.* MCL 333.21513 . . . . MCL 333.21515 . . . expressly provides that the records, data, and knowledge collected by the peer review committee "shall be used only for the purposes provided in this article." This language is unambiguous. . . . [*Bruce, supra* at 165 (emphasis added).]

the Court, *id.* at 703, rejected the respondent's contention, in relevant part, as follows:

> Part 166 of Article 15 of the Public Health Code, . . . provides for the licensing and regulation of dentistry. Incident to this regulation, MCL 333.16648(1) provides as follows:

> "Information relative to the care and treatment of a dental patient acquired as a result of providing professional dental services is confidential and privileged. Except as otherwise permitted or required under the health insurance portability and accountability act of 1996, Public Law 104-191, and regulations promulgated under that act, . . . a dentist or a person employed by the dentist shall not disclose or be required to disclose that information."

> Respondent argues that this provision expressly excepts dentist-patient records from the Attorney General's subpoena power under MCL 333.16235(1) because it directs that dentists "shall not disclose or be required to disclose" that information. This argument is refuted by the clear language of this section.

We will assume that we should consider or construe §§ 16235 and 18237 together, given that the Legislature incorporated both sections in art 15 of the Public Health Code and both sections similarly relate to the certification and regulation of various public health licensees or registrants. We recognize the important function and broad authority the Legislature gave to the DCH to protect the public by investigating, regulating, and disciplining licensed health care providers, see MCL 333.1111(2), MCL 333.16221, MCL 333.16233; *Attorney General v Bruce*, 422 Mich 157, 170; 369 NW2d 826 (1985), including through the investigative subpoena power granted in MCL 333.16235. But in our view, the DCH's broad investigative authority and, specifically, its investigative subpoena authority under MCL 333.16235(1), does not imbue with ambiguity the

plain language of § 18237, which applies to this case. Notwithstanding that the DCH, through petitioner, generally may apply for a subpoena requiring the production of "books, papers, or documents pertaining to [a] contested case or investigation," § 16235(1), we still have no doubt that the Legislature unequivocally intended, as an exemption to petitioner's investigative authority, that a licensed psychologist "cannot be compelled to disclose confidential information acquired from an individual consulting the psychologist in his or her professional capacity . . . ." Section 18237.

In summary, considering the statutory language of §§ 16235(1) and 18237 together, as petitioner urges, we detect no ambiguity tending to suggest that the Legislature envisioned mandatory psychologist disclosure in the absence of patient consent, the only potential exception applicable here. *Walters v Leech*, 279 Mich App 707, 710; 761 NW2d 143 (2008) ("If statutes lend themselves to a construction that avoids conflict, that construction should control."). To the contrary, the Legislature plainly intended to exempt from the investigative subpoena power granted in § 16235(1) a licensed psychologist's disclosure of patient records, where none of the qualifying language in § 18237 otherwise applies. Because no irreconcilable conflict exists between §§ 16235(1) and 18237, our consideration of these two provisions together gives rise to no ambiguity. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 177 n 3; 730 NW2d 722 (2007).

The various scenarios potentially arising from our affirmance of respondent's motion to quash envisioned by petitioner as leading to unfair treatment or absurd or illogical results do not undermine our conclusion. Whatever the current status of the "absurd result" component of statutory interpretation, we do not regard

the psychologist-patient privilege in § 18237 as sanctioning any illogical or unfair results, especially in light of (1) the legislative purpose in enacting § 18237 "to protect the confidential nature of the psychologist-patient relationship," *People v Lobaito,* 133 Mich App 547, 562; 351 NW2d 233 (1984), a setting widely recognized as particularly sensitive and in which "confidentiality [is] an essential ingredient of successful" treatment[7]; and (2) petitioner's undisputed failure in this case to make any effort to obtain patient consent for the requested records. As Michigan courts have long recognized and often stated, a party having complaints about the wisdom of plain statutory language should direct his arguments to the Legislature. *Robertson v DaimlerChrysler Corp,* 465 Mich 732, 752; 641 NW2d 567 (2002) (" '[O]ur judicial role precludes imposing different policy choices than those selected by the Legislature . . . .' ") (citation omitted); *Gilliam v Hi-Temp Products, Inc,* 260 Mich App 98, 109; 677 NW2d 856 (2003) ("The fact that a statute appears to be impolitic, unwise, or unfair is not sufficient to permit judicial construction. The wisdom of a statute is for the determination of the Legislature and the law must be enforced as written.").[8]

We conclude that the circuit court astutely interpreted § 18237 as precluding disclosure of psychologist-

---

[7] 81 Am Jur 2d, Witnesses, § 427, p 420.

[8] Furthermore, *Doe v Dr F, MD,* unpublished opinion per curiam of the Court of Appeals, issued November 14, 1995 (Docket No. 157669), apart from having no precedential value, MCR 7.215(C)(1), has no applicability to our analysis. In *Doe,* this Court did not consider the terms of any statutory privilege in art 15 of the Public Health Code, but instead analyzed the plaintiffs' claim that their constitutional rights of privacy outweighed "the state's interest in pursuing an investigation of" the plaintiffs' psychiatrist. *Doe, supra* at 3. We also reject any assertion that petitioner's comprehensive survey of privilege and right to privacy cases from other jurisdictions has a bearing on this case, which involves Michigan's plain statutory scheme.

patient records under the circumstances of this case, as sought by petitioner's investigative subpoenas under § 16235. The circuit court thus properly granted respondent's motion to quash the investigative subpoenas.

Affirmed.