# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

MARCUS MCCANN,

Defendant-Appellee.

FOR PUBLICATION
March 22, 2016
9:00 a.m.

No. 325281
Bay Circuit Court
LC No. 11-010380-FH

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals, by leave granted, the court order denying it relief from judgment in connection with an order requiring the Secretary of State to strike defendant's conviction of operating while intoxicated causing serious injury, MCL 257.625(5), from his driving record and directing that his driving privileges be adjusted accordingly. Because MCL 257.732(22) precludes the trial court from ordering the expunction of defendant's conviction from the Secretary of State driving abstract, we reverse.

Defendant was the driver of a vehicle involved in an accident on December 26, 2010. He ultimately pleaded guilty to operating under the influence of liquor causing serious injury, MCL 257.625(5); operating with a forged license, MCL 257.324(1); and operating with a blood alcohol level of .17 or more, MCL 257.625(1)(c). The plea agreement included a recommendation that the plea to operating under the influence of liquor causing serious injury (hereafter OUIL) be accepted for delayed sentence under MCL 771.1.

On August 20, 2012, defendant was sentenced to deferred time of 88 days in jail for operating with a forged license and 180 days for operating with a blood alcohol level of .17 or more, while sentencing on OUIL was delayed. An abstract of defendant's conviction was created and sent to the Secretary of State, which resulted in defendant's driving privileges being revoked. On May 5, 2014, pursuant to an amended plea agreement, defendant's plea to OUIL was withdrawn and the charge was dismissed. A modified abstract was created and sent to the Secretary of State.

In August 2014, defendant filed a motion to amend his Secretary of State driving abstract to remove the conviction for OUIL, as that conviction still appeared on his driving abstract and precluded him from having his driving privileges reinstated. At the conclusion of a hearing, at

-1-

which no representative from the Secretary of State appeared, the trial court granted the requested relief.

Plaintiff moved for relief from judgment, and at the conclusion of a hearing on the motion, the trial court stated that it would rule in favor of defendant based on MCL 771.1. The trial court opined that defendant performed as required under the delayed sentencing provision, and the ends of justice did not require defendant to suffer penalties from the Secretary of State for a conviction that he does not have. The trial court ordered that defendant's driving record be amended to reflect the dismissal of the OUIL count, and his eligibility to obtain driving privileges be adjusted accordingly. The trial court entered an order consistent with its ruling and denying plaintiff's motion for relief from judgment on December 4, 2014. We granted plaintiff leave to appeal that decision.

On appeal, plaintiff contends that the Michigan Vehicle Code prohibits the trial court from ordering the Secretary of State to strike defendant's conviction from his driving record even though the conviction was dismissed by the trial court under a delayed sentence plea agreement. We agree.

The scope of a trial court's powers is a question of law, calling for review de novo. *Traxler v Ford Motor Co*, 227 Mich App 276, 280; 576 NW2d 398 (1998). The interpretation of a statute presents a question of law, which this Court also reviews de novo. *People v Droog*, 282 Mich App 68, 70; 761 NW2d 822 (2009). "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself." *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Michigan*, 492 Mich 503, 515; 821 NW2d 117 (2012).

This case concerns the interplay between certain provisions of the Michigan Vehicle Code, MCL 257.1, *et seq.* and MCL 771.1, which permits delayed sentencing as follows:

(1) In all prosecutions for felonies, misdemeanors, or ordinance violations other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, or major controlled substance offenses, if the defendant has been found guilty upon verdict or plea and the court determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer.

(2) In an action in which the court may place the defendant on probation, the court may delay sentencing the defendant for not more than 1 year to give the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the defendant's rehabilitation, such as participation in a drug treatment court under chapter 10A of the revised judicature act of 1961, 1961 PA 236, MCL 600.1060 to 600.1082. When sentencing is delayed, the court shall enter an order stating the reason for the delay upon the court's records. The delay in passing sentence does not deprive

the court of jurisdiction to sentence the defendant at any time during the period of delay. [MCL 771.1].

The Michigan Vehicle Code, at MCL 257.732 provides, in part:

(1) Each municipal judge and each clerk of a court of record shall keep a full record of every case in which a person is charged with or cited for a violation of this act or a local ordinance substantially corresponding to this act regulating the operation of vehicles on highways and with those offenses pertaining to the operation of ORVs or snowmobiles for which points are assessed under section 320a(1)(c) or (i). Except as provided in subsection (16), the municipal judge or clerk of the court of record shall prepare and forward to the secretary of state an abstract of the court record as follows:

(a) Not more than 5 days after a conviction, forfeiture of bail, or entry of a civil infraction determination or default judgment upon a charge of or citation for violating or attempting to violate this act or a local ordinance substantially corresponding to this act regulating the operation of vehicles on highways.

(b) Immediately for each case charging a violation of section 625(1), (3), (4), (5), (6), (7), or (8) or section 625m or a local ordinance substantially corresponding to section 625(1), (3), (6), or (8) or section 625m in which the charge is dismissed or the defendant is acquitted.

* * *

(3) The abstract or report required under this section shall be made upon a form furnished by the secretary of state. An abstract shall be certified by signature, stamp, or facsimile signature of the person required to prepare the abstract as correct. An abstract or report shall include all of the following:

(a) The name, address, and date of birth of the person charged or cited.

(b) The number of the person's operator's or chauffeur's license, if any.

(c) The date and nature of the violation.

(d) The type of vehicle driven at the time of the violation and, if the vehicle is a commercial motor vehicle, that vehicle's group designation.

(e) The date of the conviction, finding, forfeiture, judgment, or civil infraction determination.

(f) Whether bail was forfeited.

(g) Any license restriction, suspension, or denial ordered by the court as provided by law.

-3-

(h)  The vehicle identification number and registration plate number of all vehicles that are ordered immobilized or forfeited.

(i)  Other information considered necessary to the secretary of state.

* * *

(15)  Except as provided in subsection (16), the secretary of state shall keep all abstracts received under this section at the secretary of state's main office and the abstracts shall be open for public inspection during the office's usual business hours.  Each abstract shall be entered upon the master driving record of the person to whom it pertains.

* * *

(19)  If a conviction or civil infraction determination is reversed upon appeal, the person whose conviction or determination has been reversed may serve on the secretary of state a certified copy of the order of reversal.  The secretary of state shall enter the order in the proper book or index in connection with the record of the conviction or civil infraction determination.

* * *

(21)  Notwithstanding any other law of this state, a court shall not take under advisement an offense committed by a person while operating a motor vehicle for which this act requires a conviction or civil infraction determination to be reported to the secretary of state.  A conviction or civil infraction determination that is the subject of this subsection shall not be masked, delayed, diverted, suspended, or suppressed by a court.  Upon a conviction or civil infraction determination, the conviction or civil infraction determination shall immediately be reported to the secretary of state in accordance with this section.

(22)  Except as provided in this act and notwithstanding any other provision of law, a court shall not order expunction of any violation reportable to the secretary of state under this section.

At issue in this case is whether the dismissal of charges following delayed sentencing constitutes an "expunction" for purposes of MCL 257.732(22).  This Court has addressed issues involving a trial court's requiring the Secretary of State to amend an individual's driving record. In *Droog*, 282 Mich App at 69, for example, the defendant had been convicted of obtaining a controlled substance by fraud, which conviction was reported to the Secretary of State as required by MCL 257.732(4)(i).  After serving a term of probation and performing community service, the defendant sought to have her conviction set aside pursuant to MCL 780.621.  *Id.* The trial court held that although the defendant had satisfied that statute's requirements for having her conviction set aside, the court could not properly do so because of the decree in MCL 257.732(22) that "a court shall not order expunction of any violation reportable to the secretary of state under this section."  *Id.* at 70.  This Court reversed, explaining that "the expunction of a record maintained by the Secretary of State is a much different matter from the setting aside of a

criminal conviction." *Id.* at 72. "The two statutes have to do with different subjects and, thus, their provisions are not in conflict." *Id.* The *Droog* Court thus held that "[t]he Vehicle Code limitation on a court's authority to order the expunction of a Secretary of State record does not affect the authority granted by the Code of Criminal Procedure to set aside a criminal conviction." *Droog*, 282 Mich App at 72.

In *Matheson v Secretary of State*, 170 Mich App 216, 220-221; 428 NW2d 31 (1988), lv den 432 Mich 879 (1989), this Court also noted the different purposes behind revocation of driving privileges and criminal punishments:

> [R]evocation or suspension of a person's driving privileges by the Secretary of State is not enhancement of a punishment against the person, but rather is an administrative action aimed at the protection of the public. Revocation of a license to operate a motor vehicle upon conviction of certain offenses is not a criminal penalty nor part of the sentence of the court and is not punishment for the offense. While suspension or revocation may have a chastening effect, the purpose of those procedures is for public safety. (citations omitted).

Clearly, the Vehicle Code does not prevent removal of convictions from a criminal record. *Droog*, 282 Mich App at 72. However, removal of a conviction from a criminal record does *not* require removal of it from a report maintained by the Secretary of State under the Vehicle Code.

This Court has recognized that the Secretary of State's driving records are distinct from criminal records in both purpose and scope. *Droog*, 282 Mich App at 72; *Matheson*, 170 Mich App at 220-221. Although a trial judge has discretion to delay sentencing or otherwise exercise leniency following a guilty plea, see MCL 771.1, the Vehicle Code regards the plea at issue as a conviction. MCL 257.8a.[1] The reasoning behind the distinction also likely hinges on the purpose of criminal penalties versus administrative driving sanctions. A trial court may delay sentencing under MCL 771.1(1) when it "determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law . . . ." In contrast, the Secretary of State is concerned with public safety. The trial court's decision to mitigate the legal consequences of defendant's felony driving offense does not change the fact that defendant committed that violation.

Here, the trial court forwarded an abstract listing the felony conviction following defendant's guilty plea. Although the Vehicle Code also requires a trial court to forward abstracts to the Secretary of State following the dismissal of charges, MCL 257.732(1)(b), it does

---

[1] MCL 257.8a(a) defines "conviction" for purposes of the Vehicle Code to include "a plea of guilty or nolo contendere if accepted by the court." For that reason, that the instant case concerns an order dismissing the charge entirely upon the prosecution's request for *nolle prosequi* after a period of delayed sentencing, while *Droog* concerned a motion to set aside a formally entered conviction whose sentence was served, is of no consequence. It is simply a distinction without a difference.

not command the secretary to take specific action in response. On the other hand, the Vehicle Code is clear that "[e]xcept as provided in this act and notwithstanding any other provision of law, a court shall not order expunction of any violation reportable to the secretary of state under this section." MCL 257.732(22). Moreover, this Court stated in *Droog*, 282 Mich App at 74, that if a conviction is a violation reportable to the Secretary of State, the Secretary of State cannot be required to expunge the record of the violation if the underlying conviction has been set aside. *Id.* at 74. By analogous reasoning, a trial court may not require the Secretary of State to amend driving records when a conviction is dismissed following guilty plea and delayed sentencing.

Reversed.

/s/ Deborah A. Servitto
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien