*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAMILLE SANCHEZ, formerly known as
CAMILLE HEALEY,

        Plaintiff-Appellee,

v

KENYON HEALEY,

        Defendant-Appellee,

and

WASHTENAW COUNTY,

        Appellant.

UNPUBLISHED
August 1, 2024

No. 370024
Wayne Circuit Court
Family Division
LC No. 14-105043-DM

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

PER CURIAM.

Washtenaw County appeals by leave granted[1] the trial court's order compelling them to permit the parents of an underlying child-custody dispute to view the forensic interview videorecordings of their minor children, ALH and MCH. We reverse.

## I. FACTUAL BACKGROUND

This matter concerns an underlying post-judgment dispute arising after allegations of abuse against the parties' minor children by plaintiff led to an investigation by Washtenaw County Children's Protective Services (CPS). In August 2023, the trial court granted defendant's ex parte

---

[1] See *Sanchez v Healey*, unpublished order of the Court of Appeals, entered March 13, 2024 (Docket No. 370024). This Court also stayed the trial court's March 6, 2024 order compelling disclosure of the forensic interview videorecordings, and expedited this appeal.

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

emergency motion to suspend parenting time and award interim sole custody of the minor children. On August 28, 2023, the minor children participated in a forensic interview conducted at the Washtenaw County Child Advocacy Center.

Following its investigation, CPS issued a report containing findings based, in part, upon the interviews conducted of both minor children. Defendant then mailed subpoenas to CPS and the Washtenaw County Sheriff's Department, requesting the production of "any and all documents, notes, and recordings related to the interview on August 28, 2023," of ALH and MCH, by October 16, 2023. Additionally, the trial court requested that both parties' communicate with the custodian of the forensic interview video to schedule a time to view the video.

The parties subsequently informed the trial court of their numerous unsuccessful attempts to view the forensic interview videorecordings of their minor children, and the court subsequently entered an order on November 7, 2023, compelling the custodian of the videotapes to permit the "parties, their attorneys, and/or any retained consulting or expert witnesses to schedule a time to view the video or shall otherwise provide access to allow the parties, their attorneys, and/or any retained consulting or expert witnesses to view the video in the ordinary manner such access is provided." The parents' respective counsels contacted Washtenaw County but the county maintained that they were unable to release the videotapes under MCL 600.2163a. On February 7, 2024, the trial court issued an order to show cause that directed a representative of the Washtenaw County Prosecuting Attorney's Office to appear before the trial court on February 27, 2024, and "show cause why [they] should not be held in contempt of court for failure to comply with the terms of the Court's November 7, [2023] Order."

Washtenaw County moved for relief from the Wayne Circuit Court orders under MCR 2.612, contending the November 7, 2023 order directing Washtenaw County to permit a viewing of the forensic interview videorecordings "went beyond the power of the court," as it required the Washtenaw County to "violate the criminal law to enforce a civil order in another jurisdiction" as MCL 600.2163a barred disclosure. The trial court held a hearing to address Washtenaw County's motion for relief, and it ultimately denied the motion, because the court did not believe MCL 600.2163a was applicable to the child-custody matter, particularly in light of the seriousness of the abuse allegations against plaintiff.

On March 6, 2024, the trial court ordered as follows:

On August 28, 2023, the two minor children in this matter . . . were forensically interviewed at the Washtenaw County Child Advocacy Center (WCCAC) by Mr. Quiano Davis. With the Court being fully advised in the premises, now therefore:

IT IS HEREBY ORDERED that the parties and/ or their attorneys in this matter shall be permitted to view the video of the forensic interview.

IT IS FURTHER ORDERED that the custodian of the video (whether that is the WCCAC, the Washtenaw County Prosecuting Attorneys Office, the Washtenaw County Sherriff's Office, or other applicable agency) shall allow the parties and/ or their attorneys to schedule a time to view the video or shall otherwise

-2-

provide access to allow the parties and/ or their attorneys to view the video in the ordinary manner such access is provided.

This appeal ensued.

## II. MCL 600.2163a

Washtenaw County argues that the trial court abused its discretion, or otherwise erred, when it directed Washtenaw County to permit the parties of the custody dispute to view the forensic interview videorecordings of their minor children under MCL 600.2163a, because the statute does not provide for the disclosure of such videorecorded statements in civil custody proceedings.[2] We agree.

The scope of a trial court's powers is a question of law, calling for review de novo. *In re McCann Driving Record*, 314 Mich App 605, 608; 887 NW2d 440 (2016). "Questions of statutory interpretation, construction, and application are reviewed de novo." *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019). "When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself." *Nyman v Thomson Reuters Holdings, Inc*, 329 Mich App 539, 544; 942 NW2d 696 (2019) (quotation marks and citation omitted). "Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *In re Petition of Attorney General for Investigative Subpoenas*, 282 Mich App 585, 591; 766 NW2d 675 (2009) (quotation marks and citation omitted).

The videorecorded statements at issue were taken under MCL 600.2163a in a child abuse investigation. MCL 600.2163a, provides, in pertinent part:

> (11) A custodian of the videorecorded statement may release or consent to the release or use of a videorecorded statement or copies of a videorecorded statement to a law enforcement agency, an agency authorized to prosecute the criminal case to which the videorecorded statement relates, or an entity that is part of county protocols established under section 8 of the child protection law, 1975 PA 238, MCL 722.628, or as otherwise provided by law. The defendant and, if represented, his or her attorney has the right to view and hear a videorecorded statement before the defendant's preliminary examination. Upon request, the prosecuting attorney

---

[2] While defendant challenges whether this Court has jurisdiction to consider this appeal under MCR 7.203(A) and (B), as Washtenaw County could have appealed a previous order issued on November 7, 2023, the actual order appealed from is the March 6, 2024 amended order regarding the forensic interview videorecordings, and the application for leave to appeal was timely filed within days after the entry of the March 6, 2024 order. MCR 7.205(A). Furthermore, even assuming, arguendo, that the "true" order appealed from was the November 7, 2023 order, Washtenaw County's application was filed well within six months of the November 7, 2023 order; thus, the matter would be within this Court's jurisdiction, although as a delayed application. MCR 7.205(A)(4)(a).

shall provide the defendant and, if represented, his or her attorney with reasonable access and means to view and hear the videorecorded statement at a reasonable time before the defendant's pretrial or trial of the case. In preparation for a court proceeding and under protective conditions, including, but not limited to, a prohibition on the copying, release, display, or circulation of the videorecorded statement, the court may order that a copy of the videorecorded statement be given to the defense.

* * *

(13) Except as provided in this section, an individual, including, but not limited to, a custodian of the videorecorded statement, the witness, or the witness's parent, guardian, guardian ad litem, or attorney, shall not release or consent to release a videorecorded statement or a copy of a videorecorded statement.

* * *

(15) A videorecorded statement must not be copied or reproduced in any manner except as provided in this section. A videorecorded statement is exempt from disclosure under the freedom of information act, 1976 PA 442, MCL 15.231 to 15.246, is not subject to release under another statute, and is not subject to disclosure under the Michigan court rules governing discovery. This section does not prohibit the production or release of a transcript of a videorecorded statement.

There is no published authority addressing the applicability of MCL 600.2163a in child-custody disputes; but, the parties on appeal have extensively discussed an unpublished opinion, *Hakam v Hakam*, unpublished per curiam opinion of the Court of Appeals, issued July 15, 2008 (Docket No. 279931), in their respective briefs. While all recognize that the opinion maintains no precedential value, MCR 7.215(C)(1), *Hakam* features an analysis of MCL 600.2163a under factual circumstances similar to those present in the current underlying proceedings; as was the case in *Hakam*, the underlying videorecorded statements were similarly captured in a CPS investigation concerning the alleged sexual abuse of minor children. *Hakam*, unpub op at 1-4. Accordingly, we begin our examination of the merits of Washtenaw County's appellate challenge with a discussion of *Hakam*.[3]

In *Hakam*, the defendant appealed of right an order granting the plaintiff's motion for sole physical and legal custody of the parties' two children, and this Court examined whether the videorecorded statements of the minor children, which were taken during a CPS investigation, were appropriately excluded from the evidence received in the underlying divorce proceeding. *Hakam*, unpub op at 1-4. This Court concluded, in a 2-to-1 decision, that the trial court did not abuse its discretion when the court struck the testimony of the CPS investigator, and the forensic interviewer, both of whom discussed statements advanced by the parties' minor children during

---

[3] We note that MCL 600.2163a has been amended three times since the issuance of the *Hakam* decision. See 2012 PA 170; 2018 PA 282; and 2018 PA 343. These amendments do not affect our analysis.

their respective forensic interviews. *Id*. at 4-5. The majority explained that testimony from the CPS workers would have been categorized as inadmissible hearsay. *Id*. Further, the majority focused on subsection (12), now subsection (15) under the current form of the statute, that would permit the parties to request a proper transcript of the interviews. *Id*.

However, in the *Hakam* dissenting opinion, Judge MURRAY expressed that he would have vacated the underlying order because the trial court erred as a matter of law in finding that the testimony of the CPS worker was excluded on the basis of MCL 600.2163a. *Id*. (MURRAY, J., dissenting) at 1. Judge MURRAY elaborated:

> First, the Legislature has indicated that this section only applies to certain prosecutions and proceedings, none of which include a post-judgment change of custody issue. See MCL 600.2163a(2) and (6). Thus, the provisions of MCL 600.2163a do not apply to this case, because the Legislature has limited their application. *People v Cervi*, 270 Mich App 603, 618; 717 NW2d 356 (2006). Second, even if these provisions did apply, pursuant to subsection 12, MCL 600.2163a(12), the production or release of a transcript of a video recorded statement is not prohibited. In other words, it appears that the Legislature approved the release in written form of the words spoken in these interviews, but has precluded the release of all videos of the interviews except in certain circumstances. As such, and assuming the statute spoke to admissibility, there is nothing under the statute, even if it applied, that would preclude testimony regarding the statements made during the Care House interview in this child custody dispute. [*Id*. at 1-2.]

Judge MURRAY broadly concluded that MCL 600.2163a was irrelevant, as the underlying case featured a divorce proceeding, regardless of how or why the videorecorded statements transpired. *Id*. at 1-3.

As *Hakam* is unpublished, neither the majority nor the dissent has precedential value. Nevertheless, we find the majority's application of MCL 600.2163a persuasive. It better aligns with the plain language of the statute and better comports with the rules of statutory construction. See *Lesner v Liquid Disposal, Inc*, 466 Mich 95, 101; 643 NW2d 553 (2002) ("We may not read anything into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself."). The statute's language is unambiguous; videorecorded statements taken in prosecutions and proceedings referenced in subsection (2), under the authority of subsection (5), may only be released by the custodian under the circumstances identified in subsection (8), i.e., "to a law enforcement agency, an agency authorized to prosecute the criminal case to which the videorecorded statement relates, or an entity that is part of county protocols established under section 8 of the child protection law, 1975 PA 238, MCL 722.628." Further, subsection (15) clearly prohibits disclosure of such statements through discovery–"[a] videorecorded statement is exempt from disclosure under the freedom of information act, . . . is not subject to release under another statute, and is not subject to disclosure under the Michigan court rules governing discovery." Thus, we reverse the trial court's decision and vacate its March 6, 2024 order.

Reversed.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ David H. Sawyer