*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff,

v

REBECCA EILEEN VERMEESCH,

        Defendant-Appellee,

and

DEPARTMENT OF STATE,

        Appellant.

UNPUBLISHED
September 19, 2024

No. 367931
Genesee Circuit Court
LC No. 21-048202-FH

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

After granting the prosecution's motion for a *nolle prosequi* in this criminal matter, the trial court entered an order directing the Secretary of State to strike defendant Rebecca Eileen Vermeesch's conviction of one count of operating while intoxicated (OWI), third offense, MCL 257.625(1)(a); MCL 257.625(9)(c), from her driving record. The Secretary of State moved for relief from the trial court's order, which the trial court denied. The Department of State now appeals by leave granted.[1] Because MCL 257.732(22) precludes the trial court from ordering the expunction of Vermeesch's conviction from her Secretary of State driver record, we reverse and remand for further proceedings consistent with this opinion.

---

[1] See *People v Vermeesch*, unpublished order of the Court of Appeals, entered October 2, 2023 (Docket No. 367931).

I. BACKGROUND

Vermeesch pleaded guilty to one count of OWI, third offense. Vermeesch was sentenced to four days in jail, 24 months' probation, and was required to complete a substance-use program. An abstract of Vermeesch's conviction was created and sent to the Secretary of State, which resulted in Vermeesch's driving privileges being revoked. Following Vermeesch's successful completion of the substance-use program, the prosecution moved for a *nolle prosequi*, requesting that the criminal matter be dismissed in its entirety. The trial court granted the motion, and dismissed the case without prejudice.

Subsequently, the trial court issued an order directing the Secretary of State to remove the abstract[2] related to Vermeesch's OWI conviction, providing:

> The defendant's plea in this case was properly taken and the appropriate information was abstracted to the Michigan Secretary of State. The defendant's plea was not "taken under advisement", [sic] and the defendant's convictions were entered on her record. Thereafter, at the conclusion of her probationary term, the parties stipulated to the withdrawal of the pleas, and the prosecutor moved to dismiss the case in its entirety. The Court granted the motions to withdraw the plea and dismissed the case and entered the appropriate orders.

> The Court further finds that MCL 257.732(21) is not applicable to this case as the defendant's convictions were not taken under advisement, that they were properly entered on her record and abstracted according to law, and subsequently the pleas were withdrawn, and the case dismissed.

> In as much as the case has been dismissed, there is now nothing to be abstracted and the Michigan Secretary of State is hereby directed to remove the abstract related to the case forthwith and within **7 days** of receipt of this order.

The Secretary of State moved for relief from judgment, arguing that the trial court lacked subject-matter jurisdiction to direct the Secretary of State to remove a criminal conviction from Vermeesch's driving record. The Secretary of State further argued that the Michigan Vehicle Code, MCL 257.923 *et seq.*, provided that a conviction related to the operation of a motor vehicle was not subject to removal by court order except if the conviction was reversed on appeal, which did not occur in this case. The trial court denied the motion, opining that the legislative intent of the statute was to provide accurate conviction information to the Secretary of State, and "in this situation, the accurate information is that the conviction—the plea was withdrawn and the case

---

[2] The Secretary of State holds the records of Michigan drivers, and those records contain abstracts reflecting certain convictions. Under MCL 257.732(1)(b), clerks of the court where a driver has been charged with motor vehicle operating offenses must forward an abstract of the court record to the Secretary of State. An abstract provides, among other information: (1) the date and nature of the violation, (2) the date of the conviction, (3) whether bail was forfeited, and (4) any license restriction, suspension, or denial ordered by the court as provided by law. MCL 257.732(3)(a)-(i).

was dismissed." The trial court entered an order reflecting its rulings on the record, and directed the Secretary of State to comply within seven days of the issuance of the order. This appeal ensued.

## II. STANDARDS OF REVIEW

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion[.]" *People v Swain*, 288 Mich App 609, 628; 794 NW3d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or [it] makes an error of law." *Id.* at 628-629 (citations omitted). We review "de novo whether the trial court has subject-matter jurisdiction and whether the trial court has personal jurisdiction." *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 667; 997 NW2d 511 (2022) (citations omitted). "The interpretation of a statute or court rule is a question of law that we review de novo." *People v Vaughn*, 344 Mich App 539, 549; 1 NW3d 414 (2022). The scope of a trial court's powers is a question of law that we also review de novo. *In re McCann Driving Record*, 314 Mich App 605, 608; 887 NW2d 440 (2016).

## III. JURISDICTION

The department first argues that the trial court erroneously denied its motion for relief from judgment because the court lacked personal and subject-matter jurisdiction to direct the Secretary of State to remove a criminal conviction from Vermeesch's driving record. We disagree.

Although there is no preservation requirement for challenging a court's subject-matter jurisdiction, *McFerren v B & B Investment Group*, 233 Mich App 505, 512; 592 NW2d 782 (1999), to preserve a challenge to the trial court's exercise of personal jurisdiction, the issue must be raised in a party's first responsive pleading or in a motion under MCR 2.116, or it is deemed waived. MCR 2.116(D)(1); *Teran v Rittley*, 313 Mich App 197, 208; 882 NW2d 181 (2015). The department asserted in its motion for relief from judgment that the trial court lacked subject-matter jurisdiction, but it never asserted that the trial court lacked personal jurisdiction. Consequently, the department's claim on appeal that the trial court lacked personal jurisdiction over the Secretary of State is not only unpreserved, *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020), it is deemed waived, *Teran*, 313 Mich App at 208.

"Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case." *People v Washington*, 508 Mich 107, 121; 972 NW2d 767 (2021). "This authority is not dependent on the particular facts of the case but, instead, is dependent on the character or class of the case pending." *Id.* (cleaned up). "The courts do not have inherent subject-matter jurisdiction; it is derived instead from [this state's] constitutional and statutory provisions." *Id.* The Michigan Constitution provides that circuit courts "have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; . . . and jurisdiction of other cases and matters as provided by rules of the supreme court." Const 1963, art 6, § 13. Similarly, MCL 600.601(1) states that circuit courts have the power and jurisdiction:

> (a) Possessed by courts of record at the common law, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

(b) Possessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

(c) Prescribed by the rules of the supreme court.

Our Supreme Court has construed these provisions and "recognized that circuit courts have subject-matter jurisdiction over felony cases." *Washington*, 508 Mich at 121-122, citing *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) ("Michigan circuit courts are courts of general jurisdiction and unquestionably have jurisdiction over felony cases."); see also MCR 6.008(B) ("The circuit court has jurisdiction over all felonies from the bindover from the district court unless otherwise provided by law."). As the *Washington* Court observed, "there is a widespread and unfortunate practice among both state and federal courts of using the term 'jurisdiction' imprecisely, to refer both to the subject-matter and the personal jurisdiction of the court, and to the court's general authority to take action." *Washington*, 508 Mich at 124. "Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked." *Jackson City Bank & Trust v Fredrick*, 271 Mich 538, 545; 260 NW 908 (1935).

This case involves the prosecution of Vermeesch on a charge of OWI, third offense. The "subject matter" for purposes of jurisdiction is the crime of OWI. The trial court clearly had subject-matter jurisdiction in this felony case. See *Washington*, 508 Mich at 121-122. The question is whether the Vehicle Code authorized the trial court to order the Secretary of State to strike Vermeesch's conviction from her driving record. See *Jackson City Bank & Trust Co*, 271 Mich at 544 (noting the distinction between "a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal"). As discussed below, we conclude that the court was prohibited from doing so.

IV. MICHIGAN VEHICLE CODE

The department argues that the trial court erred by directing the Secretary of State to remove information from Vermeesch's driver record because the Vehicle Code provides that convictions related to the operation of a motor vehicle are not subject to removal by a trial court order unless the conviction was reversed on appeal, which did not occur in this case. We agree.

"The goal when interpreting statutes is to give effect to legislative intent by examining the plain language of the words of the statute." *Vaughn*, 344 Mich app at 549 (cleaned up). "Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *In re Petition of Attorney General for Investigative Subpoenas*, 282 Mich App 585, 591; 766 NW2d 675 (2009) (cleaned up).

The Vehicle Code requires courts to forward an "abstract," or synopsis, of an individual's court record to the Secretary of State for violations of the Vehicle Code, specified statutory

violations, and corresponding local ordinance violations. MCL 257.732(1). However, "if a conviction or civil infraction determination is reversed *upon appeal*, the individual whose conviction or determination has been reversed may serve on the secretary of state a certified copy of the order of reversal[,]" and the Secretary of State is subsequently required to enter the order into the relevant record. MCL 257.732(19) (emphasis added). The Vehicle Code further provides:

(21) Notwithstanding any other law of this state, a court shall not take under advisement an offense committed by an individual while operating a motor vehicle for which this act requires a conviction or civil infraction determination to be reported to the secretary of state. A conviction or civil infraction determination that is the subject of this subsection must not be masked, delayed, diverted, suspended, or suppressed by a court. Upon a conviction or civil infraction determination, the conviction or civil infraction determination must immediately be reported to the secretary of state in accordance with this section.

(22) Except as provided in this act and notwithstanding any other provision of law, a court shall not order expunction of any violation reportable to the secretary of state under this section. [MCL 257.732(21)-(22).]

In *People v Droog*, 282 Mich App 68, 72; 761 NW2d 822 (2009), this Court concluded that "the expunction of a record maintained by the Secretary of State is a much different matter from the setting aside of a criminal conviction." The *Droog* Court noted the distinction between convictions arising out of the Vehicle Code as opposed to the Code of Criminal Procedure:

The two statutes have to do with different subjects and, thus, their provisions are not in conflict. The Vehicle Code limitation on a court's authority to order the expunction of a Secretary of State record does not affect the authority granted by the Code of Criminal Procedure to set aside a criminal conviction.

* * *

Further, we note that our decision does not mean that the Vehicle Code limitation is without any effect whatsoever with respect to motions to set aside criminal convictions. For example, a person afforded that relief could not argue that, because the conviction giving rise to a report maintained by the Secretary of State had been set aside, the Secretary of State should no longer maintain that record. If the conviction was a "violation reportable," the Secretary of State could not be required to expunge the record of that violation because the underlying conviction had been set aside. By its clear terms, MCL 257.732(22) prevents a court from ordering expunction "except as provided in" the Vehicle Code. Expunction cannot be ordered on the basis of some "other provision of law," including the provisions of the Code of Criminal Procedure for setting aside a conviction. [*Id*. at 72-74.]

In *In re McCann*, 314 Mich App at 606, 614, this Court held that MCL 257.732(22) precluded the trial court from directing the Secretary of State to expunge the defendant's plea-

based conviction[3] when he was subsequently allowed to withdraw his plea and the charges were dismissed following delayed sentencing. The *In re McCann* Court recognized that the Vehicle Code did not prevent the removal of convictions from a criminal record, but concluded that removal of a conviction from a report maintained by the Secretary of State under MCL 257.732 was not mandated because the Secretary of State's driving records were "distinct from criminal records in both purpose and scope." *Id*. at 613. "Although a trial judge has discretion to delay sentencing or otherwise exercise leniency following a guilty plea, MCL 771.1, the Vehicle Code regards a guilty plea as a conviction[,]" under MCL 257.8a.[4] *Id*. This Court noted the distinction between the intent of criminal penalties versus administrative driving sanctions, as the Secretary of State was concerned with public safety while trial courts were permitted to delay sentencing if the defendant was "not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law." *Id*. (cleaned up). This Court concluded:

> In this case, the trial court forwarded to the Secretary of State an abstract listing the OUIL conviction following defendant's guilty plea. Although the Vehicle Code also requires a trial court to forward abstracts to the Secretary of State following the dismissal of charges, MCL 257.732(1)(b), it *does not* command the Secretary of State to take specific action in response. On the other hand, the Vehicle Code is clear that "[e]xcept as provided in this act and notwithstanding any other provision of law, a court shall not order expunction of any violation reportable to the secretary of state under this section." MCL 257.732(22). Moreover, this Court noted in *Droog*, 282 Mich App. at 74 . . . that if a conviction is a violation reportable to the Secretary of State, the Secretary of State cannot be required to expunge the record of the violation if the underlying conviction has been set aside. By analogous reasoning, a trial court may not require the Secretary of State to amend driving records when a conviction is dismissed following guilty plea and delayed sentencing. [*Id*. at 614 (emphasis added).]

In this case, the trial court forwarded to the Secretary of State an abstract listing the OWI conviction following Vermeesch's guilty plea. After Vermeesch completed the court-ordered substance-use program, the prosecutor determined that a dismissal of her OWI conviction was warranted. But this does not change the fact that Vermeesch committed the OWI violation. Her OWI conviction was not subject to removal from her driver record unless the conviction was reversed on appeal, which did not occur. Accordingly, we conclude the trial court erred by directing the Secretary of State to remove the conviction from Vermeesch's driver record and abused its discretion by denying the department's motion for relief from judgment.

---

[3] The defendant was convicted of operating a vehicle while under the influence of liquor causing serious impairment of a body function (OUIL), MCL 257.625(5).

[4] MCL 257.8a(a) defines "conviction" for purposes of the Vehicle Code to include "a plea of guilty or nolo contendere if accepted by the court . . . ."

Reversed and remanded to the circuit court for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young