### PEOPLE v DROOG

Docket No. 279843. Submitted December 2, 2008, at Grand Rapids. Decided January 13, 2009, at 9:00 a.m.

Michelle R. Droog, pursuant to the Code of Criminal Procedure, MCL 780.621, moved in the Kent Circuit Court to have her conviction of obtaining a controlled substance by fraud, MCL 333.7407(1)(c), set aside. That conviction had been reported to the Secretary of State, as mandated by the Michigan Vehicle Code, MCL 257.732(4)(i). The court, James R. Redford, J., denied the motion, ruling that pursuant to MCL 257.732(22), it could not order the expunction of the conviction. The defendant appealed by leave granted.

The Court of Appeals *held*:

The defendant sought to have her conviction set aside, not to have the Secretary of State's record of the conviction expunged. The Vehicle Code limitation on a court's authority to order the expunction of a Secretary of State record does not affect the authority granted to a court by the Code of Criminal Procedure to set aside a criminal conviction.

Reversed and remanded for the entry of an order setting aside the defendant's conviction.

CRIMINAL LAW — SETTING ASIDE CONVICTIONS — CONVICTIONS REPORTABLE TO THE SECRETARY OF STATE — CODE OF CRIMINAL PROCEDURE — VEHICLE CODE.

The Michigan Vehicle Code provision forbidding a trial court from ordering the expunction of a violation reportable to the Secretary of State under the Vehicle Code does not affect the court's authority under the Code of Criminal Procedure to set aside a conviction (MCL 257.732[22]; MCL 780.621).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *H. Steven Langschwager*, Assistant Attorney General, for the people.

*Law Group of Rademaker & Kelley, P.C.* (by *Amy M. Rademaker*), for the defendant.

Before: HOEKSTRA, P.J., and BANDSTRA and DONOFRIO, JJ.

BANDSTRA, J. By leave granted,[1] defendant appeals an order of the trial court denying her application, filed under the Code of Criminal Procedure, to set aside a previous conviction. The trial court's decision was based solely on a provision of the Michigan Vehicle Code that states that "a court shall not order expunction of any violation reportable to the Secretary of State." MCL 257.732(22). We conclude that this provision of the Vehicle Code does not apply to prohibit the setting aside of a conviction under the Code of Criminal Procedure. We reverse and remand.

FACTS

Defendant had been convicted in 2001 of obtaining a controlled substance by fraud, MCL 333.7407(1)(c). She was sentenced to probation and community service and ordered to pay restitution. As required by the Vehicle Code, the convicting court forwarded an abstract of the court record regarding the conviction to the Secretary of State. MCL 257.732(4)(i).[2] In 2007, defendant filed an application to set aside her conviction under the Code of Criminal Procedure. MCL 780.621. The trial court

---

[1] We reject the prosecution's argument that we are without jurisdiction; defendant's application was filed well within 12 months of the challenged order. MCR 7.205(F).

[2] The forwarding of and maintenance of abstracts is used by the Secretary of State for motor vehicle purposes, including the imposition of points against the records of drivers, MCL 257.320a, and possible sanctions against driver's licenses. MCL 257.317 *et seq.* Further, points imposed can affect a driver's costs of obtaining insurance coverage.

reasoned that, although the defendant had satisfied the requirements necessary to warrant having her conviction set aside, the court did not have authority to grant that relief because of a provision in the Vehicle Code stating that "a court shall not order expunction of any violation reportable to the secretary of state under this section." MCL 257.732(22). The prosecution does not dispute the fact that, but for the operation of this provision, defendant would be entitled to have her conviction set aside. Thus, we are confronted with an issue that is solely a matter of statutory interpretation.

ANALYSIS

Statutory interpretation presents a question of law, which this Court reviews de novo. *Gen Motors Corp v Dep't of Treasury*, 466 Mich 231, 236-237; 644 NW2d 734 (2002); *Lesner v Liquid Disposal, Inc*, 466 Mich 95, 99; 643 NW2d 553 (2002). "The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature." *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). The first criterion in determining the Legislature's intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993); *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386, 389; 559 NW2d 98 (1996); see also *Roberts v Mecosta County Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002) (determining the intent of the Legislature begins with an examination of the language of the statute). As previously discussed by this Court, "[s]tatutory language should be construed reasonably, keeping in mind the purpose of the statute. . . . If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *USAA Ins Co, supra* at 389.

Pursuant to these authorities, we begin with a close examination of the language of the two statutes at issue here. The Vehicle Code states that a court shall not "order expunction" of any "violation reportable to the secretary of state under this section." MCL 257.732(22). However, this was not the statutory relief that defendant sought; instead, she asked the court to "set aside" her "conviction" under the Code of Criminal Procedure, MCL 780.621. Notwithstanding the different language employed in the two statutes, the prosecution argues that expunction of a reportable violation is identical to setting aside a criminal conviction, i.e., that the two statutes refer to the exact same thing. We disagree.

We begin by noting the obvious: Had the Legislature intended to limit a court's authority to set aside a conviction under the Code of Criminal Procedure, it could have clearly done so with language that closely tracked the language of that code, perhaps with a citation or reference to that code. In the absence of such a clear legislative directive,[3] we are hesitant to conclude that the authority to set aside convictions, clearly granted by the Code of Criminal Procedure, has been limited by § 732(22) of the Vehicle Code.

Further, as already noted, the Vehicle Code provision states that "a court shall not order expunction of any violation reportable to the secretary of state under this section." A common sense understanding of this language inevitably leads to the conclusion that the limitation pertains to actions against the Secretary of State. However, the secretary generally does not maintain

---

[3] The prosecution can only point to cases where the "set aside" statute has been passingly referred to as an expunction statute, e.g., *People v Link*, 225 Mich App 211, 213; 570 NW2d 297 (1997), and one statutory provision where the two terms seem to be used interchangeably. MCL 750.224f(4).

records of criminal convictions and defendant's motion to set aside her conviction was not directed at the Secretary of State. Moreover, had relief been granted to defendant, she would have been "considered not to have been previously convicted" for all "purposes of the law." MCL 780.622(1). In that sense, the setting aside of a conviction under the Code of Criminal Procedure is much broader than the expunction of a violation reportable to the Secretary of State under the Vehicle Code. As noted earlier, violations reported to the secretary affect only drivers and their use of vehicles.

We thus conclude that the expunction of a record maintained by the Secretary of State is a much different matter from the setting aside of a criminal conviction.[4] The two statutes have to do with different subjects and, thus, their provisions are not in conflict.[5] The Vehicle Code limitation on a court's authority to order the expunction of a Secretary of State record does not affect the authority granted by the Code of Criminal Procedure to set aside a criminal conviction.

We note that our interpretation of these statutes avoids two potential problems. First, the Code of Criminal Procedure itself contains exceptions to its provision allowing convictions to be set aside; convictions of

---

[4] In this regard, we note that violations reportable under the Vehicle Code do not pertain only to criminal convictions; they can also result from forfeitures of bail and entries of civil infraction determinations and default judgments. MCL 257.732(1)(a).

[5] Because the two statutes are not in conflict, the prosecution's citation of *People v Cohen*, 217 Mich App 75, 79-80; 551 NW2d 191 (1996), for the proposition that a more specific statute governs over conflicting provisions in a more general statute is inapposite. Further, the two statutes at issue here have differing purposes and effects and the mere fact that, as the prosecution argues, they are both "records related statutes" does not call into play the doctrine of *in pari materia* (upon the same matter or subject). So, we reject the prosecution's arguments based on that doctrine.

felonies punishable with life imprisonment, traffic offenses, and certain designated violations of the penal code cannot be set aside. MCL 780.621(2). To adopt the prosecution's argument here would, in effect, add another broad exception to this list, for convictions that result in a violation reportable to the Secretary of State. It would be inappropriate to "read [that] into" the Code of Criminal Procedure on the basis of a strained interpretation of the Vehicle Code. *Risk v Lincoln Charter Twp Bd of Trustees*, 279 Mich App 389, 399; 760 NW2d 510 (2008) ("We cannot read into a statute language that was not placed there by the Legislature."); see also *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993) ("Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there."). Second, adopting the prosecution's argument would lead to a puzzling result. Under MCL 257.732(4)(i), reports must be made to the Secretary of State regarding listed drug offenses, including defendant's, but only if the convicted person receives a sentence of one year or less. Thus, under the prosecution's interpretation of the Vehicle Code, a person receiving a greater sentence could have her conviction set aside (because the conviction did not result in a report to the Secretary of State) while persons receiving a lesser sanction, like defendant, could not. That would be a seemingly absurd result not likely to have been intended by the Legislature.

Further, we note that our decision does not mean that the Vehicle Code limitation is without any effect whatsoever with respect to motions to set aside criminal convictions. For example, a person afforded that relief could not argue that, because the conviction giving rise to a report maintained by the Secretary of State had

been set aside, the Secretary of State should no longer maintain that record. If the conviction was a "violation reportable," the Secretary of State could not be required to expunge the record of that violation because the underlying conviction had been set aside.[6] By its clear terms, MCL 257.732(22) prevents a court from ordering expunction "except as provided in" the Vehicle Code. Expunction cannot be ordered on the basis of some "other provision of law," including the provisions of the Code of Criminal Procedure for setting aside a conviction.

In light of our decision on this issue, we need not address the other argument defendant raised on appeal. We reverse the order of the trial court and remand this case for the entry of an order setting aside defendant's conviction. We do not retain jurisdiction.

---

[6] The prosecution claims that our decision, allowing the Secretary of State to maintain a public record of a reported conviction even after that conviction has been set aside, contradicts the prohibition in the Code of Criminal Procedure against anyone divulging, using, or publishing information concerning a conviction that has been set aside. MCL 780.623(5). That provision is not before us, and we express no comment regarding the merits of the prosecution's concern. We note, however, that, in a similar situation, the Attorney General has opined that the Department of Commerce can maintain records regarding administrative sanctions imposed against persons on the basis of convictions that were later set aside, while also concluding that those records cannot disclose information regarding the convictions themselves. 1994 OAG, No. 6780 (January 4, 1994).