PEOPLE v KLOOSTERMAN

Docket No. 301283. Submitted December 6, 2011, at Grand Rapids.
  Decided December 13, 2011, at 9:00 a.m.
    Brett M. Kloosterman was convicted by a jury in the Kent Circuit
    Court of breaking and entering a vehicle, causing damage, MCL
    750.356a(3), and was sentenced to one to five years in prison as a
    second-offense habitual offender. Defendant had moved for a
    directed verdict at the close of the prosecution's proofs, arguing
    that the prosecution had not offered sufficient evidence to prove
    beyond a reasonable doubt the damage element of MCL
    750.356a(3). The court, George S. Buth, J., denied the motion.
    Defendant appealed.
      The Court of Appeals held:
      MCL 750.356a(2) proscribes larceny from motor vehicles,
    house trailers, trailers, and semitrailers. Under MCL 750.356a(3),
    punishment is enhanced if damage is done to any part of a motor
    vehicle, house trailer, trailer, or semitrailer in the commission of
    the larceny, which includes damage done to all portions of the
    trailer in whatever degree, or whatever separate or distinct pieces
    of the trailer that were broken, torn, cut, or otherwise damaged.
    The trial court properly denied defendant's directed-verdict mo-
    tion because there was sufficient evidence to prove the damage
    element of MCL 750.356a(3). Defendant cut a padlock that secured
    the trailer's latches when he broke into the victim's truck trailer.
    The victim had purchased the padlocks and trailer on the same day
    from the same trailer company to secure his tools while in the
    trailer. Because the padlocks on the trailer were a distinct part of
    the trailer and served the trailer's function of transporting and
    securing tools, cutting the padlock during the breaking and
    entering constituted sufficient evidence to satisfy the damage
    element of MCL 750.356a(3).
      Affirmed.

LARCENY — MOTOR VEHICLES AND TRAILERS — DAMAGE — DEFINITION.

    The sentence for larceny from motor vehicles, house trailers, trail-
    ers, and semi-trailers is enhanced if damage is done to any part of
    a motor vehicle, house trailer, trailer, or semitrailer in the com-

mission of the larceny; the phrase "any part" of the trailer includes all portions of the trailer in whatever degree, or whatever separate or distinct pieces of the trailer that were broken, torn, cut, or otherwise damaged (MCL 750.356a[2][a] and [b], [3]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow* and *Kimberly M. Manns*, Assistant Prosecuting Attorneys, for the people.

*Laurel Kelly Young* for defendant.

Before: MARKEY, P.J., and FITZGERALD and BORRELLO, JJ.

PER CURIAM. A jury convicted defendant of breaking and entering a vehicle, causing damage, MCL 750.356a(3), and the trial court sentenced him as a second-offense habitual offender to a prison term of one to five years. Defendant appeals as of right. We affirm.

Defendant argues that the trial court erred when it denied his motion for a directed verdict because the prosecution did not offer sufficient evidence to prove beyond a reasonable doubt the damage element of MCL 750.356a(3). We disagree.

MCL 750.356a(2) proscribes larceny from motor vehicles or trailers. MCL 750.356a(2)(a) and (b) punish the theft of property from motor vehicles, house trailers, trailers, and semitrailers when the property's value is less than $1,000. However, MCL 750.356a(3) imposes an enhanced sentence if damage is done to any part of a motor vehicle, house trailer, trailer, or semitrailer in the commission of a violation of MCL 750.356a(2)(a) or (b).

Defendant does not dispute that a padlock securing the trailer's latches was cut. Rather, defendant argues that the padlock was not "any part" of the trailer and, therefore, that under MCL 750.356a(3), the trailer was

not damaged. This argument presents a question of statutory interpretation that we review de novo. *People v Pitts*, 222 Mich App 260, 265; 564 NW2d 93 (1997).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Michigan Legislature. *People v Droog*, 282 Mich App 68, 70; 761 NW2d 822 (2009). To accomplish that, we begin by examining the language of the statute. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). When the Legislature has not expressly defined the terms in a statute, we may use dictionary definitions to aid in construing those terms in accordance with their ordinary and generally accepted meanings. *People v Morey*, 461 Mich 325, 330-331; 603 NW2d 250 (1999).

"Any" is defined as including "whatever or whichever it may be" and "every; all" and "in whatever degree; to some extent; at all." *Random House Webster's College Dictionary* (2000). "Part" is defined as "a portion or division of a whole that is separate or distinct; piece, fraction, or section." *Id.* Therefore, "[a]ny part of . . . [a] trailer" as used in MCL 750.356a(3) covers all portions of the trailer in whatever degree, or whatever separate or distinct pieces of the trailer that were broken, torn, cut, or otherwise damaged.

The victim here purchased his trailer and the padlocks for the trailer on the same day from the same trailer company. The latches on the trailer were compatible with the padlocks the victim purchased. The padlocks were intended to be purchased with the trailer in order to lock the trailer. The victim purchased the trailer for the purpose of storing and transporting his tools and used the locks to secure his tools while they were in the trailer. The padlocks on the victim's trailer were a distinct piece of the trailer that served the trailer's function of transporting and securing tools.

Accordingly, the trial court did not err by denying defendant's motion for a directed verdict because there was sufficient evidence to prove the damage element of MCL 750.356a(3).

Affirmed.

MARKEY, P.J., and FITZGERALD and BORRELLO, JJ., concurred.