# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JACK NORMAN RUKES,

Defendant-Appellant.

UNPUBLISHED
December 26, 2017

No. 334665
Livingston Circuit Court
LC No. 15-022983-FH

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 1-1/2 to 15 years in prison. We affirm.

Defendant was convicted of assaulting his roommate, Joe Hubenschmidt. Defendant had rented a room from Hubenschmidt and was living at Hubenschmidt's mobile home on the date of the assault. According to witnesses, defendant, Hubenschmidt, and several others were drinking and socializing at Hubenschmidt's home on June 4, 2015. Hubenschmidt became agitated when defendant repeatedly referred to him as "bro," a term Hubenschmidt interpreted as having offensive connotations. The banter between the two became more intense as the day went along. Witnesses who were gathered outside described hearing a loud noise from inside the home. When they went inside to investigate, they saw Hubenschmidt lying on the kitchen floor, covered in blood. Defendant was sitting on a sofa in the living room. Hubenschmidt got up and grabbed a knife, but a witness told him to put it down, which he did. Hubenschmidt testified that he was in his kitchen when defendant, absent any instigation or assault by Hubenschmidt, attacked him from behind and repeatedly hit and kicked him. Hubenschmidt was transported by ambulance to a hospital. He was diagnosed with several lacerations and extensive bruising and swelling on his face. Four of the lacerations required stitches. He also sustained fractures to his eye socket and jaw. The treating physician opined that a single blow or a flat or blunt surface likely did not cause all of Hubenschmidt's injuries.

The defense theory at trial was that defendant struck Hubenschmidt in self-defense. Defendant testified that he was inside cooking dinner when Hubenschmidt approached him and placed him in a headlock. Defendant stated that he threw Hubenschmidt off and Hubenschmidt's head hit the kitchen counter. Defendant said he hit Hubenschmidt approximately four times.

-1-

Defendant's friend, Jason Harrington, testified that he was at Hubenschmidt's home on the date of the offense. Harrington stated that he went inside to use the bathroom and that when he came back toward the kitchen, he saw Hubenschmidt holding defendant in a headlock. Defendant freed himself and hit Hubenschmidt several times. Harrington left immediately, before the police arrived, because he was on probation and he did not want to get into further trouble.

## I. OTHER-ACTS EVIDENCE

Defendant first argues that the trial court erred in admitting evidence that he was previously convicted of aggravated assault against his former wife. The trial court ruled that defendant's prior conviction was admissible under MCL 768.27b(1), and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under MRE 403. We review for an abuse of discretion a trial court's decision to admit evidence. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003). A question of statutory interpretation is reviewed de novo. *People v Steele*, 283 Mich App 472, 482; 769 NW2d 256 (2009).

MCL 768.27b provides, in pertinent part:

(1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

* * *

(4) Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section, unless the court determines that admitting this evidence is in the interest of justice.

(5) As used in this section:

(a) "Domestic violence" or "offense involving domestic violence" means an occurrence of 1 or more of the following acts by a person that is not an act of self-defense:

(*i*) Causing or attempting to cause physical or mental harm to a family or household member.[1]

---

[1] A "family or household member" includes a "former spouse" and "[a]n individual with whom the person resides or has resided." MCL 768.27b(5)(b)(*i*) and (*ii*).

Defendant does not dispute that his prior conviction for aggravated assault against his former wife qualifies as an offense involving domestic violence. He argues, however, that the trial court erred in finding that the present case involving Hubenschmidt was one involving domestic violence. Defendant contends that because he raised a claim of self-defense in this case, and an act of self-defense does not constitute an act of domestic violence under MCL 768.27b(5)(a), the instant case does not qualify as one in which evidence of a prior act of domestic violence may be admitted. We disagree.

Defendant was charged with physically assaulting Hubenschmidt, who was a member of the household where defendant was living at the time of the offense. Such an assault is an "offense involving domestic violence" under MCL 768.27b(5)(a)(*i*). We reject defendant's argument that his assertion of a claim of self-defense alters this legal fact and affects the admissibility of his prior conviction.

The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011). "The first criterion in determining the Legislature's intent is the specific language of the statute." *People v Droog*, 282 Mich App 68, 70; 761 NW2d 822 (2009). " 'If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written.' " *Id.* (citation omitted).

MCL 768.27b(1) provides that evidence of a defendant's other acts of domestic violence is admissible, if relevant and not excludable under MRE 403, "in a criminal action in which the defendant is *accused* of an offense involving domestic violence[.]" (Emphasis added.) Therefore, the question is whether defendant was "accused" of committing a crime involving domestic violence against Hubenschmidt. Although MCL 768.27b(5)(a) provides that an "offense involving domestic violence" does not entail an act of self-defense, the premise of the prosecutor's accusation was that defendant physically assaulted Hubenschmidt and that the assault was not done in self-defense. Thus, defendant was *accused* of an offense involving domestic violence. The fact that defendant claimed that he acted in self-defense does not alter the nature of the offense that he was *accused* of committing. Because defendant was *accused* of committing a domestic assault that did not entail an act of self-defense, evidence of the domestic assault against his former wife, i.e., the other-acts evidence, was encompassed by the statute, notwithstanding defendant's own claim that he acted in self-defense as to Hubenschmidt. Thus, as to this particular statutory argument, the trial court did not err in ruling that the prior conviction was admissible under MCL 768.27b(1).

Defendant further argues that the other-acts evidence should have been excluded under MRE 403 because it was unduly prejudicial. We again disagree. MCL 768.27b allows admission of evidence of prior acts of domestic violence if the evidence "is not otherwise excluded under Michigan rule of evidence 403." MCL 768.27b(1); *People v Cameron*, 291 Mich App 599, 610; 806 NW2d 371 (2011). MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"All evidence offered by the parties is 'prejudicial' to some extent, but the fear of prejudice does not generally render the evidence inadmissible." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995). MRE 403 prohibits the admission of marginally probative evidence that will likely be given undue weight – that is, "evidence which is minimally damaging in logic will be weighed by the jurors substantially out of proportion to its logically damaging effect." *Id.* at 75-76 (quotation marks and citation omitted). Evidence of prior domestic violence is admissible under MCL 768.27b to show a defendant's propensity to commit the same type of act. *People v Railer*, 288 Mich App 213, 219-221; 792 NW2d 776 (2010). Evidence that defendant had a propensity to commit domestic assaults was particularly relevant in this case considering that defendant denied initiating the charged assault and claimed that he only acted in self-defense. Moreover, the other-acts evidence was relatively brief and did not involve testimony from the prior victim or the display of graphic photographs. In addition, the trial court instructed the jury on the permissible use of the evidence, thereby minimizing any potential for unfair prejudice. See *Cameron*, 291 Mich App at 611-612. In light of these considerations, the trial court did not err by refusing to exclude the evidence under MRE 403.

Defendant also contends that the evidence was not admissible under MRE 404(b)(1) because it was offered to show his propensity to engage in domestic violence. But because the trial court did not admit the evidence under MRE 404(b), and instead relied only on MCL 768.27b, it is unnecessary to consider MRE 404(b). *People v Pattison*, 276 Mich App 613, 616; 741 NW2d 558 (2007). And again, MCL 768.27b allows for the admission of evidence to show propensity.

## II. PROSECUTOR'S CONDUCT

Next, defendant argues that the prosecutor engaged in misconduct by eliciting improper and prejudicial testimony, and by making improper arguments to the jury. Because defendant did not object to the prosecutor's conduct at trial, these claims are unpreserved. *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010). We review unpreserved claims of prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). No error requiring reversal will be found if the prejudicial effect of the prosecutor's remarks could have been cured by a timely instruction. *People v Leshaj*, 249 Mich App 417, 419; 641 NW2d 872 (2002).

Defendant argues that the prosecutor committed misconduct by eliciting opinion testimony from police officers that defendant was guilty and by allowing the officers to repeatedly refer to Hubenschmidt as the "victim" and to defendant as the "suspect" when recounting the events at Hubenschmidt's home. Defendant also argues that the prosecutor committed misconduct by disparaging defense witness Jason Harrington by referring to his status as a probationer, contrary to the trial court's direction. Defendant presents a variety of additional claims of prosecutorial misconduct, which we shall address below.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's conduct in context. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). Prosecutorial comments must be read as a

whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000).

The police officers testified as non-expert witnesses in a case in which the prosecution was required to prove that defendant did not act in self-defense. MRE 701 permits a lay witness to offer "testimony in the form of opinions or inferences . . . limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Under MRE 701, the officers were entitled to provide opinion testimony regarding whether defendant appeared to have acted in self-defense. Their testimony was rationally based on their perception of the nature and extent of Hubenschmidt's injuries, and the testimony was helpful to a determination of the self-defense issue. "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." MRE 704. Because "[a] finding of prosecutorial misconduct may not be based on a prosecutor's good-faith effort to admit evidence," *People v Abraham,* 256 Mich App 265, 278-279; 662 NW2d 836 (2003), and MRE 701 and 704 support admission of the officers' opinion testimony, defendant has not established that the prosecutor engaged in misconduct by eliciting the challenged testimony.

On a few occasions police witnesses referred to Hubenschmidt as the "victim" and to defendant as the "suspect." Defendant complains that use of these terms infringed on his presumption of innocence. Defendant correctly observes that an accuser does not legally become a victim until a conviction is entered. *People v Stanaway*, 446 Mich 643, 677 n 37; 521 NW2d 557 (1994). For the most part, however, the witnesses did not use the terms "victim" and "suspect" when referring to Hubenschmidt and defendant, respectively. Moreover, defendant was accurately characterized as the "suspect," which does not denote a determination of guilt. And we simply cannot find any plain error affecting defendant's substantial rights based merely on references to Hubenschmidt as the victim, assuming it to be improper in the first place. Indeed, even without an objection, the trial court instructed the jury that it was to start deliberations with the presumption that defendant was innocent. A jury is presumed to follow its instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). The trial court's instruction was sufficient to protect defendant's substantial rights.[2]

On cross-examination, the prosecutor elicited testimony from Harrington that consuming alcohol was a violation of his probation, apparently to challenge his credibility. The trial court informed the prosecutor that no further inquiry into Harrington's legal status would be permitted. The prosecutor did not ask further questions about the topic, but asserted in closing rebuttal

---

[2] Defendant also complains about testimony which indicated that defendant had to have known that the police were looking for him after the incident and that defendant was hiding from the police. He claims that the evidence constituted impermissible speculation that shifted the presumption of innocence. We disagree with defendant's assessment that the evidence was speculative, nor did the evidence shift the presumption of innocence. There was no prosecutorial misconduct.

argument that Harrington should not be considered a credible witness because he displayed disrespect for the legal system by violating his probation. Assuming misconduct by the prosecutor in broaching the subject during argument, defendant has failed to establish the requisite prejudice to warrant reversal, and he was not denied a fair trial. The prosecutor set forth other arguments calling into question Harrington's credibility, including discrepancies and inconsistencies between Harrington's account of events and that given by defendant. We also reject defendant's argument that the prosecutor engaged in misconduct by challenging Harrington's credibility on the basis that he had failed to come forward earlier with information. A prosecutor is permitted to argue from the facts that a defendant or the defendant's witnesses are unworthy of belief. *People v Dobek*, 274 Mich App 58, 67; 732 NW2d 546 (2007).

We additionally reject defendant's claim that the prosecutor impermissibly bolstered or vouched for the credibility of witnesses. Although a prosecutor may not vouch for the credibility of a witness by suggesting that he or she has some special knowledge of the witness's truthfulness, *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009), "prosecutorial arguments regarding credibility are not improper when based on the evidence, even if couched in terms of belief or disbelief," *People v Unger*, 278 Mich App 210, 240; 749 NW2d 272 (2008). Here, the prosecutor's credibility arguments were developed from the evidence presented at trial. And as to the prosecutor's examination of witnesses, which defendant contends entailed bolstering and the invasion of the jury's duty to assess credibility, we do not find that the questioning was improper or rose to the level of misconduct.

Finally, reversal is unwarranted on defendant's assertions that the prosecutor improperly invoked the prestige of her office and appealed to juror sympathy and bias; the cited instances of alleged misconduct simply do not support either claim.[3]

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that trial counsel was ineffective for failing to raise the issues discussed and rejected above and that counsel's performance was so deficient that it effectively deprived defendant completely of his right to counsel, such that prejudice must be presumed under *United States v Cronic*, 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984) (prejudice is presumed when there has been a complete denial of counsel due to counsel's failure to subject the prosecution's case to meaningful adversarial testing). As ruled earlier, the other-acts evidence was admissible; therefore, trial counsel was not ineffective for failing to object to the evidence. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000) (counsel is not required to make meritless objections). Additionally, for the most part, there was no prosecutorial misconduct, and counsel was not ineffective for failing to object to the claimed instances of misconduct that had no merit. To the extent that there was any prosecutorial misconduct, it was minimal and certainly did not implicate *Cronic*, nor was it prejudicial, as generally required to

---

[3] In light of our rulings on the prosecutorial misconduct issues, there is no basis to reverse with respect to defendant's argument that the cumulative effect of the many alleged instances of misconduct warrants reversal.

support a claim of ineffective assistance of counsel, *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001). Reversal is unwarranted.

## IV. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief, filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, none of which have merit.

## A. ACCURACY OF THE PRESENTENCE REPORT

Defendant seeks appellate relief on the ground that his presentence investigation report (PSIR) contains numerous inaccuracies that require correction. A defendant has a "due process right to be sentenced on the basis of accurate information." *People v Mitchell*, 454 Mich 145, 173; 560 NW2d 600 (1997). A presentence report is presumed to be accurate unless effectively challenged by the defendant. *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003). The defendant bears the burden of going forward with an effective challenge to the accuracy of the PSIR. *People v Lloyd* 284 Mich App 703, 705; 774 NW2d 347 (2009).

The record discloses that after the parties made some ministerial corrections to the PSIR, defendant told the court that the PSIR contained additional, unspecified "misinformation." The court gave defendant several opportunities to point out specific examples of what he considered to be erroneous information. Defendant declined these opportunities, and instead responded with statements such as "I don't think it's – all of that is is that critical," "I don't think it's going to have much impact on my sentencing anyways," and "it's just ridiculous stuff." Defendant stated that he preferred to "just be passive in it" and concluded by stating, "[L]et's leave it alone. Let's proceed." It is clear from the record that the court gave defendant several opportunities to challenge the accuracy of the PSIR and that defendant failed to come forward with an effective challenge because, apart from expressing generally that the PSIR contained "misinformation," he declined to identify specific information that he believed was inaccurate. Further, defendant waived his right to contest the accuracy of the PSIR when, after being given the opportunity "to point out to the Court any additions, corrections, or deletions to the factual content," he responded by stating, "[L]et's leave it alone. Let's proceed." Waiver constitutes the intentional abandonment of a known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). A party who waives a known right cannot seek appellate review of a claimed deprivation of the right. *Id.* By affirmatively stating, "[L]et's leave it alone. Let's proceed[,]" defendant waived his right to challenge the factual accuracy of the PSIR and to seek relief on that ground on appeal. Further, in his Standard 4 brief on appeal, defendant again fails to identify any specific inaccuracies in the PSIR.[4] Accordingly, defendant is not entitled to appellate relief with respect to this issue.

---

[4] Defendant states that he has provided a copy of the PSIR in which he has underlined the allegedly erroneous information. However, the PSIR provided to this Court contains no underlined portions, and no "corrected" copy is included with defendant's Standard 4 brief or related motion to remand.

## B. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was insufficient to support his conviction of assault with intent to do great bodily harm less than murder. We disagree. We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *Carines*, 460 Mich at 757. The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

"Assault with intent to commit great bodily harm less than murder requires proof of (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). Assault with intent to do great bodily harm less than murder is a specific intent crime. *Id.* The requisite intent can be inferred from the surrounding facts and circumstances. *People v Beaudin*, 417 Mich 570, 575; 339 NW2d 461 (1983). Minimal circumstantial evidence is sufficient to prove that an actor had the requisite intent. *People v Strong*, 143 Mich App 442, 452; 372 NW2d 335 (1985).

Defendant emphasizes that he and Hubenschmidt had different versions of how the physical confrontation took place, that he was not arrested at the scene, that his previous conviction was questionable and given undue weight in this case, that the prosecution relied on selective forensic and testimonial evidence, and that Hubenschmidt's testimony was unreliable. Defendant's arguments are unpersuasive.

Hubenschmidt testified that he was in his kitchen when defendant attacked him from behind and repeatedly hit and kicked him. An emergency room physician confirmed that Hubenschmidt's injuries included a broken eye socket and jaw, as well as extensive bruising and swelling, and four lacerations that required stitches. The physician did not believe that Hubenschmidt's injuries could all have been caused by a single blow or by Hubenschmidt hitting his head on a flat or blunt surface. Blood was splattered throughout the kitchen.

Undisputed evidence established that Hubenschmidt sustained severe injuries. Hubenschmidt's testimony as to how those injuries occurred differed radically from that given by defendant and defense witness Harrington. This case turned on the credibility of defendant and Hubenschmidt. As indicated, we must resolve conflicts in the evidence in favor of the

prosecution, and we will not interfere with the jury's determinations regarding witness credibility and the weight of the evidence. The evidence presented by the prosecution showed that defendant attacked Hubenschmidt from behind, knocked him to the floor, and hit and kicked him repeatedly. This evidence was sufficient to establish that defendant committed a battery. The evidence that defendant continued to hit and kick Hubenschmidt after Hubenschmidt fell to the floor, along with the evidence that defendant could have moved away from him, supported an inference that defendant had the requisite intent to do great bodily harm less than murder and that defendant did not act in self-defense. The jury was not required to view the evidence in the same manner as defendant. The evidence was sufficient to support defendant's conviction.

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle